IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMANDA L. OTT )
)
v. ) NO. 3-12-486
) JUDGE CAMPBELL
PUBLIX SUPER MARKETS, INC. )

MEMORANDUM

Pending before the Court are Defendant's Motion to Dismiss Plaintiff's Time-Barred Claims and Strike Certain Class Allegations (Docket No. 15) and Defendant's Motion to Transfer (Docket No. 21). Defendant's Motion to Dismiss (Docket No. 15) is DENIED as moot.[1] For the reasons stated herein, Defendant's Motion to Transfer (Docket No. 21) is DENIED.

FACTS

Plaintiff's Amended Complaint alleges that she worked for Defendant Publix as an Assistant Department Manager in a grocery store in this district for the three years prior to filing this action. Plaintiff asserts that Defendant considered Assistant Department Managers, such as herself, to be Fluctuating Work Week Associates ("FWW Associates"). Plaintiff purports to bring this action both individually and as a collective action under the Fair Labor Standards Act ("FLSA") on behalf of Publix's current and former FWW Associates who worked within Publix grocery stores during the relevant time period and who worked more than forty hours in one or more work weeks during that period. Plaintiff avers that Defendant's pay policies, practices and procedures resulted in widespread violations of the FLSA by failing to pay sufficient overtime claims of FWW Associates at the correctly calculated amounts.

---

[1] Plaintiff filed an Amended Complaint (Docket No. 26) after Defendant filed its Motion to Dismiss, and that Amended Complaint renders Defendant's Motion to Dismiss moot.

Defendant has moved to transfer this case, pursuant to 28 U.S.C. § 1404(a) to the U.S. District Court for the Middle District of Florida. Plaintiff opposes Defendant's Motion to Transfer and argues that Defendant has failed to carry its burden of showing that the balance of conveniences strong favors transfer of this case to Florida.

MOTIONS TO TRANSFER

Defendant seeks transfer of this action pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] Ordinarily, the burden of proving that transfer is warranted is on the moving party and the burden is a substantial one. *Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 958 (M.D. Tenn. 2008). As the permissible language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In reviewing a motion to transfer, the court is to balance all relevant factors, including the private interests[3] of the parties and public-interest concerns,[4] such as systemic integrity and fairness, which comes under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929

---

[2] The parties do not dispute that the Middle District of Florida is a district in which this action might have been brought.

[3] Convenience of the parties and witnesses, relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, cost of obtaining willing witnesses, and practical problems indicating where the case can be tried more expeditiously and inexpensively. *Smith*, 578 F.Supp.2d at 962.

[4] Enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, familiarity of the trial judge with the applicable state law. *Smith*, 578 F. Supp.2d at 962.

F.2d 1131, 1137 (6th Cir. 1991); *Reese*, 574 F.3d at 320. And, the Court should keep in mind that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.*; *Smith*, 578 F.Supp.2d at 962.

Convenience of non-party witnesses, as opposed to parties or employee witnesses, is one of the most important factors in the transfer analysis. *Smith*, 578 F.Supp.2d at 963. Transfer of venue is inappropriate where it would serve only to transfer the inconvenience from one party to the other. *Diebold, Inc. v. Firstcard Financial Services, Inc.*, 104 F.Supp.2d 758, 764 (N.D. Ohio 2000).

DISCUSSION

Defendant argues that its corporate headquarters are (and were at all relevant times) located in Lakeland, Florida, and the individuals responsible for making substantive decisions about wage payments, bonus plans, bonus computations, premium payments and pay practices are based in Lakeland, Florida. Defendant contends that human resources and payroll managers are in Lakeland, Florida, and that many of the key documents for this case are located in Lakeland, Florida.

Defendant asserts that Plaintiff challenges Defendant's centralized and uniformly applied compensation structure, and key witnesses and documents concerning that compensation structure are in Florida. Defendant claims that in this purported collective action, few members of the purported class have ties to Tennessee, but they all have ties to the company headquarters in Florida.

On the other hand, Plaintiff contends that Defendant operates 31 stores in Tennessee and 306 stores outside the State of Florida. Plaintiff avers that Defendant's Associate Handbook is provided in hard copy form at the Tennessee store locations and online and that relevant documents could be brought to Tennessee or viewed electronically. Plaintiff also argues that local interest in having her claim decided here, where she worked and received her paycheck, weighs in favor of Plaintiff's

choice of forum. Plaintiff maintains that receipt of paychecks with inadequate compensation constituted harm in Tennessee. Plaintiff asserts, concerning the docket congestion factor, that the pending caseload per judge in Florida is more than double the pending caseload per judge here.

Plaintiff points out that Defendant has not identified a single non-party witness who would be unable to testify here or would be seriously inconvenienced by coming to Tennessee. As noted above, the convenience of non-party witnesses, as opposed to parties or employee witnesses, is one of the most important factors in the transfer analysis. Plaintiff argues that her non-party witnesses are in the Middle District of Tennessee and would be outside the subpoena power of the Florida court. Moreover, Plaintiff contends that the scattered members of the purported class would be no less inconvenienced by litigation in Florida than they would be by litigation in Tennessee.

Finally, Plaintiff argues that the convenience of Defendant and its witnesses does not trump the convenience and choice of forum of the Plaintiff, noting that a court should not shift the inconvenience of the forum from one party to the other. By choosing to open stores in Tennessee, Plaintiff contends, Defendant cannot be surprised that it might be forced to litigate here.

The Court, in its discretion, finds that Defendant's Motion to Transfer should be denied. The increased hardship to Plaintiff, who lived, worked and was subjected to the alleged harm in Tennessee, outweighs the inconvenience to Defendant which can compel the attendance of its corporate witnesses and provide any necessary documents in Tennessee.

Accordingly, Defendant's Motion to Transfer (Docket No. 21) is DENIED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE