IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMANDA L. OTT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | Civil Action No. 3:12-cv-00486 |

**REPLY BRIEF IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE**

Conditional certification is warranted based on the following undisputed facts establishing company-wide pay policies and practices resulting in common FLSA violations:

- Publix classified (and continues to classify) all FWW Associates (including all Assistant Department Managers and Department Managers in all departments, store locations, and states in which Publix does business) as non-exempt;

- Publix pays all FWW Associates overtime and other compensation according to the same centralized pay policies, as contained in its "Your Associate Handbook" ("Handbook") and other policy documents; and

- Publix pays all FWW Associates according to the same company-wide pay policies (regardless of differences in job title or store location) that are alleged to violate the FLSA.

This case therefore presents the exact "single, FLSA-violating policy" – overtime pay for all FWW Associates is calculated company-wide in a manner that violates the FLSA -- that the

Sixth Circuit has held to sufficiently satisfy the "similarly situated" requirement for conditional certification of a collective action. In *O'Brien v. Ed Donnelly Enter.*, 575 F.3d 567, 585 (6th Cir. 2009), the Sixth Circuit held that "it is clear that plaintiffs and the putative class are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." Here, all FWW Associates are classified and paid as non-exempt under the FLSA, and Publix's company-wide pay policies applicable to all FWW Associates fail to include all required compensation in the regular rate for overtime payments and fail to satisfy the requirements for paying only half-time FWW overtime payments to all FWW Associates. As the Sixth Circuit recognized in *O'Brien*, employees may be similarly situated if their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* In *O'Brien*, "[t]he claims were unified so, because plaintiffs articulated two common means by which they were allegedly cheated: forcing employees to work off the clock and improperly editing time-sheets." *Id.* Here, the claims are unified so, because Plaintiff articulates two common means by which all FWW Associates were not paid the overtime premiums required by the FLSA: improperly failing to include Holiday Bonus, Holiday Pay, and other non-excludable compensation in the calculation of the regular rate upon which Publix paid overtime, and improperly paying only half-time FWW overtime rather than the time-and-a-half regular rate required by the FLSA. At the notice stage, this Court need look no further than *O'Brien* and Publix's company-wide pay policies which are alleged to violate the FLSA as to all FWW Associates to determine that conditional certification is warranted, and must disregard Defendant's protestations that "the proofs of these theories are inevitably individualized and distinct" until the second-stage decertification inquiry.

**I. Publix's Classification Of All FWW Associates As Non-Exempt Regardless Of Job Title Is A Common Pay Practice Under Which All Are Similarly Situated.**

    A. <u>Publix Admits That All FWW Associates Are Non-Exempt, And Defendant Offers No Evidence That Publix Has Made Any Determination To The Contrary</u>.

Plaintiff supports her Motion with evidence, from Publix's own company-wide Manager's Reference Library ("MRL") policy documents, that Publix not only actually pays overtime to all FWW Associates who work over forty in a work week, it affirmatively admits that all FWW Associates are non-exempt from the FLSA's overtime pay requirements: "Non-exempt associates are eligible for overtime pay and include . . . Fluctuating Work Week (FWW) Associates . . . [which include] retail department and assistant department managers. . . . Salaried associates *are exempt from overtime pay requirements. . .* [which include] Store Managers [and other positions not including FWW Associates]. . ."[1] Defendant, however, attempts to minimize this admission in a footnote by representing to the Court that Publix merely "chooses to pay its department managers and assistant department managers overtime, [but] nothing obligates Publix to do so because these managers satisfy one or more FLSA exemptions."[2] In so doing Defendant ignores the very language of Publix's admission in its management policy documents that FWW Associates are "non-exempt," unlike the salaried associates who are "*exempt from overtime pay requirements*." Thus, in this case, Publix <u>the company</u> admits that all FWW Associates company-wide are not exempt from overtime pay requirements, even though Publix has raised an affirmative defense of exemption in this litigation that directly conflicts with the company's determination, and Defendant submits no evidence in its Opposition Brief to dispute that Publix internally classified – and continues to classify – all FWW Associates as non-exempt.

---

[1] Bauer Aff. [Doc. 51], ¶ 22 (citing MRL, "Time Administration") (emphasis added) ; *see also* Kist Aff. [Doc. 52], ¶ 3 (all Assistant Department Managers and Department Managers company-wide are classified by Publix as FWW Associates who are non-exempt and therefore entitled to overtime pay).

[2] Defendant's Brief in Opposition to Motion for Conditional Certification and Issuance of Notice ("Opposition Brief") [Doc. 66], p. 2, n.1 PageID #947.

Again, the Court does not resolve factual disputes at the conditional certification stage, but in this case there is not even a factual dispute between the parties as to whether Publix has determined that its FWW Associates are non-exempt on a company-wide basis. Instead, the factual dispute arises out of two inconsistent positions taken by Publix in this litigation: the un-rebutted evidence of Publix's admission against interest (all FWW Associates company-wide are non-exempt under the overtime pay requirements) which directly contradicts Defendant's affirmative defense in its Answer (all FWW Associates company-wide are exempt under the overtime pay requirements).

Defendant submitted a multitude of affidavits and limited excerpts of certain policy documents[3] in its Opposition Brief, including affidavits from Publix corporate employees. Not one of them states that Publix classifies, or has ever classified, FWW Associates as exempt. And not one of them states that Publix, <u>the company</u>, has changed its determination that FWW Associates are in fact non-exempt under the overtime pay requirements. In fact, Defendant submitted evidence establishing that Publix represented to a local investigator of the Department of Labor that all grocery store employees other than the Store Manager and the Pharmacist are classified by Publix as non-exempt under the FLSA.[4]

Thus, Plaintiff has presented evidence of a unified pay practice company-wide: all FWW Associates are classified by Publix as non-exempt under the overtime pay requirements of the FLSA, and are therefore similarly situated regardless of any variations in job title, job duties, or store locations.

---

[3] Although Defendant chose not to submit the "Time Administration" section of the MRL that contains Publix's admission that all FWW Associates are non-exempt under the overtime pay requirements, Defendant does not dispute that Publix's MRL contains this admission.

[4] Defendant's Record Appendix Tab 8, "WHISARD Compliance Action Report" [Doc. 79-7], p. 4, PageID # 1541 ("II. Exemptions: Mitch Wilson – Store Manager – 541.1 Exempt. (Manager of the establishment with over 100 employees – *He and the Pharmacist are the only two employees classified as exempt*.)") (emphasis added)

4

B.  Even Publix's Exemption Defense Is Alleged Company-wide Regardless Of Job Title Or Store Location.

As stated in Plaintiff's Motion, this is not a misclassification case. Plaintiff does not claim that Publix has misclassified FWW Associate positions as exempt because Publix classifies (and has always during the relevant period classified) FWW Associate positions as non-exempt. But even if the Court disregards the undisputed evidence of Publix's uniform non-exempt classification above, even Publix's affirmative defense of exemption in its Answer applies to all FWW Associate positions company-wide regardless of any differences in job title or store location: "As to Plaintiff and any opt-in who held a FWW Associate position, this includes, but is not limited to, the FLSA's executive and administrative exemptions."[5] And despite Defendant's extensive citations to alleged differences in job duties and responsibilities between FWW Associates in different departments, or under different Store Managers, or in different store locations, Defendant argues that all FWW Associates are exempt company-wide regardless of any such differences.

Thus, Defendant's litigation position (all FWW Associates are exempt) asserts a company-wide exemption. And a company-wide exemption determination would constitute the exact type of single, unifying FLSA-violating policy that requires a finding that all affected employees are similarly situated under *O'Brien*, *supra*. *See Heldman v. King Pharmaceuticals, Inc.*, 2011 WL 465764 (M.D. Tenn. Feb. 2, 2011)(Campbell, J.) (conditionally certifying nationwide class of all sales representatives despite defendant's evidence that "hospital representatives" had different job duties than "retail representatives" where employer made company-wide exemption determination inclusive of both positions); *see also Steele v. SWS, LLC*, 2011 WL 3207802 (E.D. Tenn. July 28, 2011) (conditionally certifying nationwide class

---

[5] Answer to Amended Complaint [Doc. 37], "First Defense."

based on common policy of misclassifying installation technicians as independent contractors); *Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 217-18 (E.D. Mich. 2010) (conditionally certifying class of all managers despite different job titles and job duties because employer classified all managers as exempt prior to reclassification to non-exempt, despite defendant's argument that manager title encompassed six different positions); *Simpkins v. Pulte Home Corp.*, 2008 WL 3927275 (M.D. Fla. Aug. 21, 2008) (conditionally certifying company-wide class based on affidavits from five states because "[m]ost importantly, [defendant] classified all superintendents as being exempt from overtime compensation under the same five FLSA exemptions. . . . Thus, [defendant]'s own management has determined that these employees are similar enough to be classified under the same exemptions for purposes of complying with the FLSA.")

Finally, despite Defendant's protestations to the contrary, "at [the notice] stage, a defendant's assertion of the potential applicability of an exemption should not be permitted to overcome an otherwise adequate threshold showing by the plaintiff." *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 373 (E.D. Tenn. 2006).

**II. Defendant's Arguments Alleging Variances In Job Titles And Job Duties Are Irrelevant Until The Decertification Stage Inquiry.**

    A.    <u>Publix Pays All FWW Associates The Same Way Regardless of Job Duties</u>.

Defendant presents numerous affidavits and limited excerpts from policy documents to support its assertion that Plaintiff is not similarly situated to other FWW Associates based on variances in job titles and job duties. Despite the sheer volume of its submittal,[6] however,

---

[6] *See Simpkins, supra*, 2008 WL 3927275 at *5 (stating in response to defendant's presentation of over 500 pages of declarations and deposition transcripts in support of its opposition, "more is not necessarily better, and the evidence [defendant] presents goes far beyond the scope of this Court's review at the first stage of the certification process. . . This Court will not apply a stricter, more individualized review simply because [defendant] has presented 500 pages of evidence that contradict [plaintiff's] assertions to some degree.")

Defendant submits no evidence that all FWW Associates were not classified the same company-wide, or that all FWW Associates were not paid according to the same centralized pay policies company-wide that Plaintiff allege to be in violation of the FLSA, regardless of any variances in job titles or job duties. It remains undisputed that a FWW Associate who works overtime is paid the same way according to the same centralized pay policies as any other FWW Associate in any department in any location. Where, as here, the same common policy applies regardless of differences in job titles or job duties, certification is warranted. *See Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 755, 759-60 (W.D. Tenn. 2011) (certifying class of all hourly employees not limited to direct-patient-care positions regardless of job title or job duties because employer's meal break auto-deduction policy at issue applied to all hourly non-exempt employees, holding "disparate job titles and duties are largely irrelevant at this stage; the relevant consideration is that these employees were subject to Defendants' common practice of 'requiring unpaid work during meal periods, which may have resulted in FLSA overtime violations.'")

Again, Plaintiff need only show that the FWW Associate positions are "similar, not identical, to the positions held by the putative class members." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006). Regardless of whether a FWW Associate works overtime hours by making sandwiches, stacking produce, or baking bread, they are all classified the same way company-wide, and they are all paid the same way for those overtime hours worked. Publix's own policy documents say so in black and white. *See, e.g., Camesi v. University of Pittsburgh Medical Ctr.*, 2009 WL 1361265, *4 (W.D. Pa. May 14, 2009) (holding, even under more exacting test, where the potentially FLSA-violating policies in question which apply to all non-exempt employees are spelled out in "black and white" through Defendants' own materials, conditional certification is appropriately granted); *Steele*, 2011 WL 3207802, at *3 (granting

7

conditional certification where defendant did not offer any assertions that the relevant policies and procedures followed in its various offices nationwide were different or individualized).

And although Defendant alleges that FWW Associates have different job duties (without explanation as to how those differences in job duties affect Publix's centralized method of paying FWW Associates at issue), "at this stage of the certification process, the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Heldman*, 2011 WL 465764, at *3.

    B.  <u>Defendant's Individual Issues Argument Is Irrelevant Until The Decertification Stage</u>.

Defendant argues at the notice stage that individual issues (including individualized proof of damages) will predominate, citing the Supreme Court's recent Rule 23 class action decisions in *Wal-Mart Stores, Inc. v. Dukes* (as allegedly arising "in a similar context") and *Comcast Corp. v. Behrend*, and citing an out-of-circuit district court case applying *Dukes* to the FLSA conditional certification inquiry. But the Sixth Circuit has already rejected the argument that Rule 23 class actions arise in a similar context to Section 216(b) collective actions, recognizing that the standards for certifying a Rule 23 class action are inapplicable to conditional certification of a Section 216(b) opt-in collective action under the FLSA. *See, e.g., O'Brien, supra,* 575 F.3d at 584-85 (recognizing fundamental distinctions between Rule 23 class actions and 216(b) collective actions). And in *Ware v. T-Mobile USA*, 828 F. Supp. 2d 948, 955-56 (M.D. Tenn. 2011), Judge Trauger explicitly rejected the exact argument Defendant makes in this case, holding that the Supreme Court's decision in *Dukes* does not affect its analysis of whether plaintiffs are similarly situated under the FLSA, and therefore the holding in *O'Brien* remains unaffected by *Dukes*. Moreover, damages in this case will be calculated by application of the same payroll formula: all non-excludable compensation gets added back in to the calculation of

8
Case 3:12-cv-00486   Document 92   Filed 04/23/13   Page 8 of 17 PageID #: 1924

the regular rate for each work week, then overtime will be calculated at time-and-a-half the proper regular rate for all overtime hours worked each week. Defendant's argument that Plaintiff cannot represent a class of FWW Associates when Plaintiff received <u>some</u> non-excludable compensation that was not included in the regular rate (Holiday Bonus, Holiday Pay, etc.), but not <u>all</u> non-excludable compensation that Publix failed to include in the regular rate (such as Tuition Reimbursement or CQI Bonus), ignores the Sixth Circuit's mandate in *O'Brien* that employees may be similarly situated if their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. Moreover, regardless of whether Plaintiff (or any FWW Associate) received a certain category of non-excludable compensation resulting in a regular rate violation, or received a certain category of compensation that resulted in Defendant failing to pay a "fixed weekly amount" for all hours worked, the type or category of compensation causing the violation matters not to the central, unified theory of liability that payment of any such compensation without payment of full time-and-a-half overtime premium pay violates the applicable FWW regulations,

    C.    <u>Defendant's Dissimilarities Argument Presents Case For Subclasses At Decertification Stage</u>.

At best, Defendant makes a case for separate subclasses: one for the Customer Service Manager and Assistant Customer Service Manager positions,[7] and one for all other FWW Associate positions involving the production and sale of retail food items (bakery, produce, meat, deli, and grocery departments). Defendant fails to explain why any dissimilarities among the different job titles within the FWW Associate position could not be solved by subclasses. Courts

---

[7] Defendant distinguishes Customer Service managers by contrast to all other managers because Customer Service managers "supervise sixty or more employees and are responsible for things like cash accountability, store payroll and attendance information, store security, and business analysis." Opposition Brief [Doc. 66], p. 2.

9
Case 3:12-cv-00486 Document 92 Filed 04/23/13 Page 9 of 17 PageID #: 1925

within this Circuit have held that the differences alleged by Defendant can be resolved by subclasses at the decertification stage. *See, e.g., Wlotkowski*, 267 F.R.D. at 218 (rejecting defendant's evidence of dissimilarities between six different positions within same overarching job title, holding dissimilarities could be addressed by subclasses at the decertification stage). Other courts within this Circuit have resolved the issue by conditionally certifying subclasses. *See, e.g., Mathews v. ALC Partner, Inc.*, 2009 WL 2591497, \*\*5-6 (E.D. Mich. Aug. 24, 2009) (conditionally certifying three separate subclasses of all Managers, Assistant Managers, and hourly employees, and rejecting defendant's objections that the duties of Assistant Managers varied with both the market and the predilections and talents of the individual Managers: "The Court recognizes, of course, that each workplace is different, and will present different questions in analyzing whether these employees were properly classified as exempt.")

### III. Plaintiffs Have Adequately Supported Company-Wide Certification.

Defendant objects that Plaintiff has failed to submit affidavits from each state in which Publix operates grocery stores, and has failed to satisfy a (non-existent, in this Circuit) "showing of interest" requirement.

####    A.    Plaintiff Has More Than Adequately Supported Company-Wide Certification.

Plaintiff supported her initial Motion with affidavits [Docs. 32, 33, 34, 51, and 52] reflecting the common experiences regarding centralized pay and personnel policies regardless of job title or location from seventeen (17) different store locations in three (3) different states (Tennessee, Alabama, and Georgia), and the additional consent to join the lawsuit filed by Wendy Bauer (Alabama) [Doc. 49]. Since the date of Plaintiff's Motion, Plaintiff has filed the additional affidavits of Yessenia Orta (Florida, Asst. Produce Manager) [Doc. 54], Dawn Howard (Georgia, Asst. Grocery Manager) [Doc. 56], Anthony Tabbitas (Georgia and Florida,

Asst. Produce Manager) [Doc. 57], Dorothy Alexander (Florida, Asst. Deli Manager and Deli Manager) [Doc. 62], Felix Rosa (Florida, Asst. Bakery Manager and Bakery Manager) [Doc. 63], Maryanne Black (Georgia, Asst. Bakery Manager and Bakery Manager) [Doc. 64], Steven Wireman (South Carolina, hourly) [Doc. 83], Michael Johnson (Alabama, Asst. Meat Manager) [Doc. 85], Randy Yeager (South Carolina, Asst. Department Manager) [Doc. 86][8], and Delena Flanagan (Alabama, Asst. Produce Manager and Produce Manager) [Doc. 87]. These affidavits represent the common experiences regarding centralized pay and personnel policies regardless of job title or location from twenty-eight (28) different store locations, and together with the originally filed affidavits represent testimony from employees working sixteen (16) covered FWW Associate positions from every state in which Publix operates grocery stores. Plaintiff has filed additional consents to join this lawsuit by affiants Orta [Doc. 55], Tabbitas [Doc. 58], Alexander [Doc. 61], Black [Doc. 65], Johnson [Doc. 84], and Flanagan [Doc. 88]. Other affiants indicated their interest in receiving notice from the Court of their rights to join this suit.

As stated in the Motion, certification was warranted based on one affidavit attesting to the company-wide application of common allegedly FLSA-violating centralized pay policies contained in Publix's Handbook and MRL policy documents. Plaintiff has now more than adequately established that the centralized pay policies at issue applied in all states, regardless of differences in job titles or store locations. *See, e.g., Steele*, 2011 WL 3207802 at *3 (affidavits from two locations and common job posting documents sufficient for nationwide certification of installer misclassification case); *White*, 236 F.R.D. at 374-75 (affidavits from two locations sufficient for nationwide certification); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 252 (M.D.

---

[8] Plaintiff has learned that affiant Randy Yeager did not work full-time for Publix as an Assistant Department Manager since as early as 2006, and therefore the Court should assign whatever weight it deems appropriate to the Declaration of Randy Yeager regarding his experiences through that time period.

Tenn. 1996) (Campbell, J.) (affidavits from ten states and opt-in consents from twenty-two states sufficient for nationwide certification).

### B. Despite No "Showing Of Interest" Required, Plaintiff Demonstrated Interest.

Defendant complains that Plaintiff has not demonstrated sufficient interest by potential class members in joining this case. No such "showing of interest" is required in the Sixth Circuit. *Ware v. T-Mobile USA*, 828 F. Supp. 2d 948, 955 (M.D. Tenn. 2011) (Sixth Circuit has not adopted a "showing of interest" requirement, and requiring plaintiff to show that others want to join in order to send them notice asking if they want to join "puts the cart before the horse," and would undermine the broad remedial goal of the FLSA and its Section 216(b) collective action procedure). Nonetheless, Plaintiff has sufficiently demonstrated interest by other putative class members in joining this lawsuit by the affidavits indicating interest in receiving notice of rights, and the six additional opt-in consents filed to date.

## IV. Defendant's Various Other Objections To Conditional Certification Are Meritless.

### A. Objections To The Lenient First Stage Standard.

A review of the docket shows that this case is in the early stages of discovery. Plaintiff has not deposed any of Defendant's witnesses, and Plaintiff does not rely on documents Defendant produced only after the entry of a protective order, received after the filing of Plaintiff's Motion.[9] Regardless of the standard applied, the uniform pay policies applicable to all FWW Associates satisfies either standard. *See, e.g., Creely v. HCR Manorcare, Inc.*, 789 F. Supp. 2d 819 (N.D. Oh. 2011) (even if more modest showing required because some discovery has been completed, plaintiff need only move the ball down the field slightly beyond the allegations contained in the Complaint).

---

[9] *See Lindberg, supra*, 761 F. Supp. 2d at 758, n. 8 (holding where the results of any discovery completed while the motion has been pending are not before the Court, the appropriate standard is the more lenient, first-stage standard).

B. Objections to Affidavits.

Defendant argues that the affidavits submitted by Plaintiff should be disregarded in their entirety because they contain hearsay, include improper opinion, and lack personal knowledge. "At this preliminary stage and for these preliminary purposes" of conditional certification, however, Plaintiff "need not come forward with evidence in a form admissible for trial," or which "meet[s] the evidentiary standards of Rule 56(e)." *White,* 236 F.R.D. at 368 (declining to strike any portions of the movant's affidavits in support of conditional certification on hearsay grounds) (internal quotations omitted).

C. Objections to Three-Year Notice Period.

Defendant objects to a three-year notice period, and attempts to argue the merits of its defense to a willful violation. The Court does not decide the merits at the conditional certification stage, and this Court has rejected the argument Defendant makes here attempting to prematurely limit the notice period to two years bases on the merits of its willfulness defense. *See, e.g., Heldman, supra*, 2011 WL 465764 at *3 (overruling defendant's objection that the time period should be two years, not three, because it goes to the merits of this action). At the appropriate time later in this litigation, Plaintiff will demonstrate that Defendant cannot rely on its communications with a local investigator from the Department of Labor as a defense to the willful violations alleged in this case.[10]

D. Unsubstantiated Allegations of Potential Ethical Conflict.

---

[10] Defendant represents to the Court that the "Department of Labor has already concluded that Publix properly excludes the quarterly retail bonus from the regular rate calculation." [Doc. 66, p. 1] Putting aside the fact that only a determination by the Wage and Hour Administrator, rather than that of a local investigator, is a determination by the "Department of Labor," inclusion of the quarterly retail bonus is not one of the regular rate violations alleged in this case, and there is no evidence that Defendant notified the local investigator (i) of its regular rate violations regarding Holiday Bonus, Holiday Pay, etc., and/or (ii) that non-exempt employees receiving the quarterly retail bonus are paid on a FWW basis but do not receive a "fixed weekly amount" as a result, in violation of the FWW regulations.

Defendant cites *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002) in making an unsubstantiated allegation that representation of both Assistant Department Managers and Department Managers would create an "inherent conflict of interest." But the facts in *White* involved foremen, who were responsible for approving timecards and monitoring hours worked, and crewmen who claimed that they were required to work "off the clock." The factual distinctions between this case and *White* prove that certification is warranted: Department Managers could not decide or affect how their pay, or the pay of Assistant Department Managers, was calculated by Publix's payroll department at corporate headquarters.

E. <u>Objections to the Notice Language</u>.

Defendant objects that Plaintiff's proposed Notice does not inform putative class members that they may join the collective action while being represented by other counsel of their choosing. This language has been rejected by a majority of district courts. *See, e.g., Bassett v. Tennessee Valley Auth.*, 2010 WL 3092251, *4 (W.D. Ky. Aug. 5, 2010) ("Additional counsel would only serve to complicate the procedural issues of this case. . . . Plaintiff's counsel represents the interests of the entire class. Defendant's language only serves to confuse this issue."); *Wlotkowski, supra*, 267 F.R.D. at 220 (rejecting defendant's argument that the notice should inform recipients of their right to retain their own attorneys).

Defendant objects to providing e-mail addresses and telephone numbers. This Court has ordered a defendant to provide last known addresses and telephone numbers upon conditional certification. *See Kimbell v. Dynamic Strategy, Inc.*, 2009 WL 1651431 (M.D. Tenn. June 12, 2009) (ordering defendant to provide last known addresses and telephone numbers of notice recipients).

14

Respectfully submitted this 22nd day of April, 2013.

*/s/ C. Andrew Head*
Georgia Bar No. 341472
**FRIED & BONDER, LLC**
White Provision, Suite 305
1170 Howell Mill Road, N.W.
Atlanta, Georgia 30318
Telephone: (404) 995-8808
Facsimile: (404) 995-8899
Email: ahead@friedbonder.com

Charles Yezbak, III
Tennessee Bar No. 018965
**YEZBAK LAW OFFICES**
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
Telephone: (615) 250-2000
Facsimile: (615) 240-2020
Email: yezbak@yezbaklaw.com

David Hughes
Alabama Bar No. 3923-U82D
**HARDIN & HUGHES, LLP**
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
Email: dhughes@hugheshardin.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed a true and correct copy of the foregoing using the CM/ECF filing system, which will send a notice of electronic filing to the following attorneys of record for Defendant:

> Wendy V. Miller
> Tennessee Bar No. 023500
> Attorney for Defendant
> **OGLETREE, DEAKINS, NASH, SMOAK**
> **& STEWART, P.C.**
> 401 Commerce Street, Suite 1200
> Nashville, Tennessee 37219
> Telephone: (615) 254-1900
> Facsimile: (615) 254-1908
> Email: wendy.miller@ogletreedeakins.com
>
> Michael J. Gray
> Illinois Bar No. 06210880
> Attorney for Defendant
> **JONES DAY**
> 77 West Wacker
> Chicago, Illinois 60601
> Telephone: (312) 782-3939
> Facsimile: (312) 782-8585
> Email: mjgray@jonesday.com
>
> Craig S. Friedman
> Georgia Bar No. 335145
> Attorney for Defendant
> **JONES DAY**
> 1420 Peachtree Street, N.E., Suite 800
> Atlanta, Georgia 30309
> Telephone: (404) 581-3939
> Facsimile: (404) 581-8330
> Email: csfriedman@jonesday.com
>
> Edmund J. McKenna
> Florida Bar No. 0845922
> Attorney for Defendant
> **OGLETREE, DEAKINS, NASH, SMOAK**
> **& STEWART, P.C.**
> 100 North Tampa Street, Suite 3600
> Tampa, Florida 33602

Telephone: (813) 289-1247
Facsimile: (813) 289-6530
Email: edmund.mckenna@ogletreedeakins.com

        _/s/ C. Andrew Head_