UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMANDA L. OTT, individually ) | |
| and on behalf of all others similarly ) | |
| situated ) | |
| ) | |
| v. ) | No. 3:12-0486 |
| ) | JUDGE CAMPBELL |
| PUBLIX SUPER MARKETS, INC. ) | |

MEMORANDUM

I. Introduction

Pending before the Court are Plaintiff's Motion For Conditional Certification And Issuance Of Notice (Docket No. 50), and Defendant Publix Super Markets, Inc.'s Motion To Strike Untimely Declarations (Docket No. 93).

For the reasons set forth herein, Plaintiff's Motion For Conditional Certification And Issuance Of Notice (Docket No. 50) is GRANTED, on the terms and conditions set forth below. Defendant Publix Super Markets, Inc.'s Motion To Strike Untimely Declarations (Docket No. 93) is DENIED.

II. Factual and Procedural Background

Plaintiff Amanda L. Ott, a former employee of Defendant Publix Super Markets, Inc. ("Publix"), has brought this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") for herself and in a representative capacity as a collective action on behalf of others "similarly situated" under 29 U.S.C. § 216(b). (Amended Complaint (Docket No. 26)). Plaintiff alleges that the Defendant failed to properly calculate overtime for all "Fluctuating Workweek Associates" ("FWW Associates") by: (1) excluding certain compensation, including Holiday

Bonus, Holiday Pay, and Tuition Reimbursement, from the calculation of the applicable overtime regular rate; and (2) paying FWW Associates on an alleged "fluctuating workweek" arrangement which was not a "fixed weekly amount" as required by 29 C.F.R. § 778.114. (Id.)

Through her pending motion, the Plaintiff requests that the Court allow this case to proceed as a collective action under Section 216(b), and approve the issuance of notice to all similarly-situated employees who work or worked for the Defendant at any time during the three years preceding the date of the motion, March 4, 2013. (Docket No. 50). To support the Motion, the Plaintiff has filed numerous affidavits of individuals who were employed with the Defendant during the relevant time. (Docket Nos. 32, 33, 51, 52, 54, 56, 57, 62-64, 83, 85-87).

The affiants are FWW associates who have worked in various positions at various Publix store locations throughout Tennessee, Alabama, Georgia, South Carolina, and Florida. The affidavits indicate that all FWW Associates are paid in a similar fashion and are provided with the same employee handbook regardless of store location. (See, e.g., Docket No. 52, at ¶¶ 3-6, 9, 12-21).

The Defendant argues the proposed class is inherently unmanageable because it intends to assert an affirmative defense that department managers and assistant managers could have been treated as exempt employees under the FLSA executive and/or administrative exemptions, and proof of each manager's exempt status will require analysis of the particulars of each manager's experiences. The Defendant has filed numerous affidavits emphasizing the different duties of the its different employees. (Docket Nos. 67-78).

III. Analysis

A. Conditional Certification

The FLSA provides that a collective action to recover compensation may be maintained against any employer by any one or more employees for and in behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, FLSA collective actions require similarly-situated employees to "opt-in" as party plaintiffs. See, e.g., O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 583 (6th Cir. 2009). The Sixth Circuit has recognized a two-step process that is used by most district courts to determine whether plaintiffs are similarly situated. See, e.g., White v Baptist Memorial Health Care Corp., 699 F.3d 869, 877-78 (6th Cir. 2012). For the first stage, which occurs at the beginning of discovery, courts use a "fairly lenient standard" that "typically results in conditional certification of a representative class." White, 699 F.3d at 877. The court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations. Wlotkowski v. Michigan Bell Telephone Co., 267 F.R.D. 213, 217 (E.D. Mich. 2010).

If the court determines that conditional certification is warranted, it may authorize the notification of similarly-situated employees to allow them to opt into the lawsuit. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 167-68, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006).

At the second stage, the court reviews the evidence produced during discovery and determines whether the class should be decertified. O'Brien, 575 F.3d at 583. Although the court applies a "stricter standard" at the second stage, the FLSA plaintiff faces a lower certification burden than a plaintiff seeking certification under Rule 23. White, 699 F.3d at 877; O'Brien, 575

3

F.3d at 584-87; Frye v. Baptist Memorial Hospital, Inc., 495 Fed. Appx. 669, 671–72 (6th Cir. 2012).

In determining whether the plaintiffs are similarly situated, the court may consider whether their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." O'Brien, 575 F.3d at 585. Thus, a plaintiffs may show that she is similarly situated to the potential claimants by demonstrating that they were subject to a common policy or plan that violated the law. Id.

In this case, the Plaintiff has alleged that the Defendant has miscalculated overtime compensation for FWW Associates by failing to include certain items of compensation in the calculation of the applicable overtime regular rate, and paid FWW Associates on an alleged "fluctuating workweek" arrangement which was not a "fixed weekly amount" as required by 29 C.F.R. § 778.114. Based on the affidavits and other filings, the Court concludes that the Plaintiff has sufficiently shown, for purposes of conditional certification, that she and the potential class members were subject to a common policy or plan that violated the law. The Court is not persuaded that conditional certification should be denied based on Defendant's argument about possible exemptions when the company itself has allegedly treated the employees as non-exempt.

Accordingly, the Court finds that Plaintiff has provided the "modest factual showing" required for conditional certification of the Plaintiff's proposed class. Plaintiff's Motion for Conditional Certification is GRANTED, and the Court will conditionally certify a collective action for a class consisting of all current and former FWW Associates who work or worked in a Publix grocery store and who worked for over forty hours in one or more weeks during the

4

relevant period.

B. Court-Supervised Notice

The Plaintiff has filed a proposed notice (Docket No. 50-1) directed to "current or former FWW Associate[s] who worked for Publix in a grocery store department sometime between March 5, 2010 and the present." The Defendant objects to the proposed notice on the following grounds: (1) the class period should be measured from the date the notice issues, and should be two years from the issuance of notice rather than three years since Plaintiff will be unable to show a "willful" violation;[1] (2) the proposed notice does not mention that opt-in plaintiffs may be required to participate in discovery; and (3) the proposed notice fails to inform potential opt-in plaintiffs that they can choose their own counsel. (Docket No. 66, at 25).

The Defendant's first objection is overruled because it requires a decision on the merits of the statutes of limitation issue, and is not ripe for decision at this time. As for the second objection, the proposed notice states: "While the lawsuit is proceeding, you might be required to provide information or otherwise participate in this action." (Docket No. 50-1, at 2). The Court concludes that the proposed language sufficiently informs potential opt-in plaintiffs, in layman's terms, that they may be required to participate in discovery. Accordingly, the second objection is overruled. Finally, the Court is not persuaded that the proposed notice should advise the potential opt-in plaintiffs that they are free to choose their own counsel, as such language would result in confusion. The proposed notice should include, however, the following sentence: "If you choose not to join in this lawsuit, you are free to file your own lawsuit." The Plaintiff is

---

[1] The statute of limitations in an FLSA is two years unless the defendant's conduct was willful, in which case the period is extended to three years. 29 U.S.C. § 255(a).

directed to add this sentence to the end of the paragraph entitled "What Happens if I do not Join this Lawsuit?"

The Defendant shall provide the names and last know mailing address of the class described herein on or before May 17, 2013. The Magistrate Judge is directed to consider the Plaintiff's request for email address and telephone numbers for class members and the creation of a case-specific website. (Docket No. 50, at 21).

C. <u>Defendant's Motion To Strike Untimely Declarations</u>

Defendant moves to strike the affidavits and/or declarations that were filed by the Plaintiff after she filed her motion seeking conditional certification. Defendant argues that the filings violate Federal Rule of Civil Procedure 6(c)(2) which states that "[a]ny affidavit supporting a motion must be served with the motion."

The Motion To Strike (Docket No. 93) is DENIED. Through prior Order (Docket No. 91), the Court granted Plaintiff leave to file the supplemental affidavits.

It is so ORDERED.

                                                                           _____
                                                                           TODD J. CAMPBELL
                                                                           UNITED STATES DISTRICT JUDGE