UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
AMANDA L. OTT,                )
                              )
       Plaintiff              )
                              )       No. 3:12-0486
v.                            )       Judge Campbell/Brown
                              )       **Jury Demand**
PUBLIX SUPER MARKETS, INC.,   )
                              )
       Defendant              )
```

### O R D E R

Presently pending is the Plaintiff's motion for leave to file a second amended complaint (Docket Entry 130). A response was filed (Docket Entry 139). There was no reply.

After considering the pleadings of the parties the motion to file a second amended complaint is **DENIED.**

Rule 15 of the Federal Rules of Civil Procedure provides that amendments should be freely permitted. However, in this case the Magistrate Judge believes that the Defendant has the better argument on why this is a case where such an amendment should not be allowed. In their response (Docket Entry 139) the Defendant points out that this is not a situation where it is simply a matter of adding two members to the existing class. If that were true, the Magistrate Judge would certainly allow the amendment.

The Magistrate Judge believes that the Defendant has, with reasonable accuracy, set out the background of the case in their response (Docket Entry 139, pp. 2-5). They point out that the

newly-proposed class of employees contains more than 110,000 punitive class members made up of hourly associate positions.

The present class is made up of managerial level associates (FWW Associates). The Plaintiffs have not disputed these assertions. The Magistrate Judge believes that this is a situation where the Plaintiff had waited too long to assert these additional claims in this lawsuit.

The Magistrate Judge believes, however, that an effort almost a year later to enter a new class with a potential membership of over 110,000 would greatly lengthen the present proceedings, which have been underway, for over a year. The Magistrate Judge fails to see why, if there was an intent to add this class, it could not have been brought at a far earlier date.

This proposed class was initially included, but subsequently dropped. Since it was originally dropped, the case has proceeded with necessary discovery being undertaken and deadlines being set for at least a portion of the case. To bring this class of hourly associates back in at this point would seriously delay proceedings as to the present class. The Magistrate Judge sees nothing that would prevent the Plaintiff from filing a separate lawsuit concerning this class. The Magistrate Judge does not see that there would be any significant saving of judicial time or effort should this class proceed as a single lawsuit. There may be potential conflicts between the classes.

2

As the Defendants point out, a resolution of the FWW Associates may assist in the resolution of any potential case involving the hourly associates. It appears that the two individuals who seek to be added, Bogasch and White, do not need to be added at this point. To the extent they seek to assert claims on behalf of a class of hourly associates, the Magistrate Judge, as stated above, believes that it would be best handled through a separate lawsuit. To the extent they seek to join in as members of the FWW Associates, it appears that there are named Plaintiffs in this case and Bogasch and White have effectively elected to opt-in to that class and need not be added in as named plaintiffs.

While the Magistrate Judge certainly does not find that Plaintiff's counsel has in any way acted in bad faith, the Magistrate Judge does believe that the Defendant has the better part of the argument concerning the efficiency in running the case, the delay in filing the motion to amend, the prejudice to the Defendant, and greatly prolonging the first part of this case. This case will be lengthy as it is presently constituted, and the Magistrate Judge does not believe that adding a potential class of 110,000 to the present potential class of 17,000 would in any way simplify the proceedings in this matter.

The procedure to approve class notice for the new class would only delay the case for the present class which is ready to move forward.

3

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge