# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMANDA L. OTT, individually and on Behalf of all others similarly situated, ) ) ) | |
| **Plaintiff** ) ) | |
| v. ) ) ) | Case 3:12-0486<br>Judge Campbell/Brown<br>Jury Demand |
| PUBLIX SUPER MARKETS, INC., ) ) | |
| **Defendant** ) | |

## CASE MANAGEMENT ORDER
## AND RECOMMENDATION FOR NEW TRIAL DATE

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

    **1.**    **Plaintiff's Theory of the Case.**  Plaintiff, individually and on behalf of all similarly situated employees that Publix internally classified as Fluctuating Workweek Associates ("FWW Associates"), asserts that Publix's pay policies, practices and procedures, as expressly stated in the same uniform Associate Handbook provided to all FWW Associates at any of Publix's store locations, resulted in wide-spread, systemic violations of the overtime provisions of the FLSA by failing to pay the FWW Associates overtime compensation at time and a half their correctly calculated regular rates (inclusive of all non-excludable compensation) for each overtime work week, rather than at only half-time of their incorrectly calculated regular rates. First, Publix excluded certain compensation from the calculation of the applicable overtime regular rate for all FWW Associates (ex., "Holiday Bonus," "Holiday Pay," "Tuition Reimbursement," etc.) which did not meet the requirements for exclusion from the regular rate calculation. In addition to these regular rate violations, Publix paid FWW Associates on an

alleged fluctuating workweek arrangement rather than at time and a half their properly calculated regular rate for overtime hours without satisfying the requirements for a valid fluctuating workweek plan under 29 C.F.R. § 778.114, including but not limited to by paying FWW Associates varying amounts of non-excludable and/or non-discretionary compensation (quarterly retail bonus, "Holiday Bonus," "Holiday Pay," "Tuition Reimbursement," etc.) in addition to a base weekly "salary" rather than paying a "fixed weekly amount" that did not vary as required for the regular rate exception under § 778.114.

    **2.**  **Defendant's Theory of the Case.** Publix asserts that Plaintiff's claims fail as a matter of law because Plaintiff's duties satisfied FLSA exemptions, including the executive exemption and administrative exemption. Plaintiff satisfies the executive exemption because she was paid a salary of at least $455 per week, and she was responsible for tasks such as selecting, training, directing, disciplining and appraising employees; acting as the highest ranking employee on the shift; scheduling employees; keeping track of inventory, assigning employees to particular jobs; and moving employees from task to task. *See* 29 C.F.R. § 541.102. Plaintiff satisfies the administrative exemption because she was paid a salary of at least $455 per week, and she was responsible for tasks such as supervisory and human resources-related activities, representing the company, promoting sales, and legal compliance. *See* 29 C.F.R. § 541.201(a), (b). In any event, Plaintiff's claims fail for another reason: Publix properly excluded Holiday Bonus, Holiday Pay, and retail bonus payments from the regular rate calculations for its Hourly Associates and FWW Associates. *See, e.g.*, 29 C.F.R. § 778.210; 29 C.F.R. § 778.212; 29 C.F.R. § 778.219. For example, Publix' retail bonus payments are properly excluded because they already include the payment of overtime.

Plaintiff also is not entitled to final certification under 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to any opt-ins and Plaintiff cannot adequately represent the interests of the potential opt-ins. For example, Plaintiff's attempt to pursue her claims as a collective action fails because an independent and individual analysis of Plaintiff's claims, and the claims of any opt-in plaintiff, is required.

3. **Case History**. <u>FLSA Conditional Certification</u>: On May 3, 2013, the Court granted Plaintiff's FLSA Motion for Conditional Certification and Issuance of Notice. (Docket Entries 50, 111, 112.) The Court further granted Plaintiff permission to issue notice to "current or former FWW Associates who worked for Publix in a grocery store department sometime between March 5, 2010 and the present." (Docket Entry 111 at p. 5.) Notice was thereafter mailed to the putative class by Plaintiffs' counsel. The opt-in period for putative class members to file consent-to-join forms expired, the Court subsequently entered an Order allowing late-filed opt-ins (Docket Entry 172), and approximately 1,550 individuals have opted in.

<u>Defendant's Summary Judgment Motion As To Plaintiff's Exempt Status & Retail Bonus Claims</u>: On June 4, 2013, the Court denied Publix's motion for summary judgment as to Plaintiff's FLSA exempt status and retail bonus claims "without prejudice to being re-filed once discovery related to these issues is complete." (Docket Entry 124.) Subsequently, Magistrate Judge Brown issued an order setting a January 24, 2014, deadline "for the close of discovery related to Plaintiff's response to arguments raised in Defendant's motion for summary judgment." (Docket Entry 138.) The order also set a deadline of February 24, 2014, for Publix to renew its motion for summary judgment as to these issues.

4. **Identification of the Issues.** As discussed in detail above, the issues of liability and damages are in dispute.

**5.    Need for Other Claims or Special Issues Under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure / Pending & Anticipated Motions.** The parties do not anticipate any need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.  However, the following motions are pending or are anticipated by the parties:

<u>Plaintiff's Motion for Leave to Amend to Add Additional Named Plaintiffs</u>: Plaintiff intends to file a motion for leave to add two additional named plaintiffs. The Magistrate Judge had a discussion with the parties over who these two additional proposed named plaintiffs would be. Publix advised they would have objections to naming opt-in plaintiffs who have claims for both managerial-level claims and hourly wage claims. The Defendant indicated they would have less objection to adding two named plaintiffs if their claims were identical to the managerial claims presently advanced by Ott.

Plaintiff may file a motion to add named plaintiffs on or before **February 10, 2014.**

<u>Plaintiff's Motion for Issuance of Corrective Notice, Etc.</u>: Plaintiff anticipates filing a motion seeking all appropriate relief from Defendant's allegedly improper communications with putative class members.  Defendant intends to oppose this motion. Plaintiff shall file this motion on or before **February 10, 2014**.

<u>Plaintiff's Request for Telephone and Email Contact Information For Notices Returned Undeliverable</u>: Plaintiff anticipates filing a motion requesting an order requiring Defendant to provide telephone and email contact information, and an extended opt-in consent period, for all Notices returned as undeliverable by the U.S. Postal Service.  Defendant intends to oppose this motion. Plaintiff shall file such a motion by **February 10, 2014**.

Plaintiff's Request for Relief From the Order Governing the Exchange and Protection of Confidential Information [Dkt. 60]: Plaintiff anticipates filing a motion requesting relief from the protective Order [Dkt. 60] regarding Plaintiff's ability to share information produced by Defendant in discovery with other opt-in Plaintiffs. Defendant intends to oppose this motion. The Magistrate Judge suggested that the parties should consider certain modifications of the present protective order. If the parties are unable to resolve the matter Plaintiff should file a motion for modification of that order on or before **February 24, 2014**.

Defendant's FLSA Motion to Decertify: Publix anticipates moving to decertify the conditionally-certified FLSA class. This motion shall be filed in accordance with the deadlines set out in paragraph 8 of this order.

Motions for Summary Judgment as to Merits of Plaintiff's Claims: Both parties anticipate moving for summary judgment as to the merits of Plaintiff's claims. Dispositive motions will be filed in accordance with the dates set in paragraph 8 of this order.

Defendant's Summary Judgment Motion As To Plaintiff's Exempt Status & Retail Bonus Claims: Publix anticipates renewing its motion for summary judgment as to Plaintiff's exempt status and retail bonus claims. (Docket Entry 138.) The deadline for renewing this motion shall be as set out in paragraph 9 of this order.

Motions to Compel: Plaintiff anticipates filing a motion to compel as to discovery previously served. The parties understand that prior to filing such motions they will schedule a telephone conference with the Magistrate Judge about the matter. In scheduling the telephone conference, the parties should submit at least **one business day** prior to the telephone conference, a brief statement of the issues in contention.

**6. Witnesses, if Known, Subject to Supplementation by Each Party**. The parties have served pre-notice disclosures. The parties will also serve Post-Notice Discovery Rule 26(a) disclosures as discussed below.

**7. Rule 26(a) Disclosures and Staging of Discovery**

    **a. Post-Notice Discovery & Discovery Related to Publix's Initial Summary Judgment Motion.** There shall be a **five-month** period of discovery ("Post-Notice Discovery"), ending on **June 30, 2014**. Pursuant to this Court's prior order, simultaneously there will be a period of discovery concluding on **March 31, 2014**, "related to Plaintiff's response to arguments raised in Defendant's motion for summary judgment." (Docket Entry 138.)

<u>**Rule 26(a)(1) Disclosures**</u>: The parties shall make their Post-Notice Discovery Rule 26(a)(1) disclosures on or before **February 28, 2014**.

In her disclosures, Plaintiff shall provide the method of computing damages for the opt-in Plaintiffs, the parties agree that she should not have to provide the actual number of overtime hours at issue and the actual calculations of overtime damages for the opt-in Plaintiffs until such time that Defendant produces the payroll and bonus calculation data necessary to calculate such damages.

Not later than **May 22, 2014,** the parties shall supplement their Rule 26(a)(1) disclosures regarding identification of witnesses by identifying all witnesses from whom they intend to offer testimony in support of, or in opposition to, any Post-Notice Motion. Regardless, and in all events, the Rule 26(a)(1) disclosures shall be supplemented in accordance with Rule 26(e)(1), even after the deadline to disclose Post-Notice Motion witnesses.

**Publix's Discovery of Named Plaintiff(s) & Opt-In Plaintiffs**:

Depositions: In a lengthy October 29, 2013, telephone conference the Magistrate Judge had ruled that Publix could select up to **20** opt-in plaintiffs for deposition in addition to the deposition of any named plaintiff. The parties revisited this issue with the Magistrate Judge and the Defendant may take **30** depositions, **20** of which shall be at the selection of the Defendant and **10** of which shall be randomly selected as agreed by the parties. A deposition of any named plaintiff shall not count against the 30 limit. Plaintiff may take **30** depositions of the Defendant. A notice to take a Rule 30(b)(6) deposition shall count as only one deposition toward the limit of the depositions taken by the Plaintiff.

Written Discovery: The Defendant may serve interrogatories on **40** plaintiffs, **20** of whom shall be at Defendant's selection and **20** of which will be randomly selected as agreed by the parties. The Plaintiff may serve **50** interrogatories.

Either party may by agreement, or if there is no agreement, for good cause shown request additional interrogatories and depositions by scheduling a telephone conference call with the Magistrate Judge about the matter.

**Plaintiff's Deposition Discovery & Rule 30(b)(6) Deposition.** Plaintiff shall be permitted to take **30** depositions. A notice to take a Rule 30(b)(6) deposition shall count as one deposition towards the limit of depositions taken by Plaintiff. However, if Plaintiff's 30(b)(6) topics are unnecessarily numerous, Publix may raise with the Court whether such notice(s) should count towards Plaintiff's limit as more than one deposition. Plaintiff has not waived and reserves all defenses to any such objections.

**Expert Designations and Depositions**: Any party planning to use an expert in connection with Post-Notice Motions shall disclose that expert no later than **May 1, 2014**, in

accordance with Rule 26(a)(2)(B). Any rebuttal experts shall be disclosed within **30 days** of the disclosure of the other party's expert. The parties shall then have **30 days** from disclosure to depose expert witnesses. Neither side may use an expert's opinion in connection with Post-Notice Motions unless such opinion has been disclosed in accordance with this paragraph.

Within **14 days** after the Court's ruling(s) on Post-Notice Motions, the parties will meet and confer to discuss a schedule for disclosure and depositions of trial experts.

**Motions to Compel**: Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court. The conference should be scheduled as soon as practicable after the dispute has become ripe for review by the Court. In scheduling the telephone conference, the parties should submit at least **one business day** prior to the telephone conference, a brief statement of the issues in contention

8. **Deadlines for Post-Notice Motions**. Dispositive motions will be filed on or before **July 30, 2014**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

9. **Other Deadlines.** This Court herewith sets a deadline of **March 31, 2014**, for discovery related to Plaintiff's response to arguments raised in Defendant's motion for summary judgment (Docket Entry 138). The Court herewith sets a deadline of **April 30, 2014**, for Defendant to renew its summary judgment motion, and gives **21 days** for responses and **seven days** for replies.

**10. Post-Notice Phase Conference & Subsequent Case Management Conference**. Either party may submit a request for a subsequent case management conference as needed. In all events, a subsequent case management conference will be held within 14 days after the Court's ruling on Post-Notice Motions to discuss all remaining relevant Rule 26 and 16 issues in the case, including any change of a trial date, the disclosure of trial experts, any necessary pre-trial discovery, the filing of pre-trial motions and papers, and the setting of trial-related deadlines. The parties shall meet and confer on these topics and submit a joint report to the Court prior to the case management conference.

**11. Alternative Dispute Resolution**. Defendant does not believe that alternative dispute resolution is appropriate at this time. Plaintiff is agreeable to alternative dispute resolution at this time.

**12. Target Trial Date**. District Judge Campbell has set a jury trial for May 6, 2014 (Docket Entry 105). Magistrate Judge Brown has recommended that this trial date should be continued (Docket Entry 131). After lengthy discussion with the parties, the Magistrate Judge recommends that trial should be set on or after mid-February 2015. This jury case could take somewhere between and one and four weeks, depending on the issues that remain following rulings on potential decertification and summary judgment by the parties.

It is so **ORDERED**.

    /s/ Joe B. Brown
**JOE B. BROWN**
**United States Magistrate Judge**