IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMANDA L. OTT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | Civil Action No. 3:12-cv-00486<br><br>District Judge Todd J. Campbell<br><br>Magistrate Judge Joe Brown<br><br>JURY DEMAND |

**MOTION TO COMPEL PRODUCTION OF EMAIL ADDRESSES AND
PHONE NUMBERS FOR UNDELIVERABLE NOTICES**

Plaintiff, by and through undersigned counsel, hereby moves this Court to compel Defendant to produce putative class members' email addresses and phone numbers from its files for the approximately 750+ putative class members whose Notices were returned by the U.S. Postal Service as undeliverable (the "undeliverables").

**STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS**

Plaintiff filed her Complaint on May 15, 2012. [Doc. 1] Plaintiff alleged unpaid overtime claims under the Fair Labor Standards Act ("FLSA") for, among other violations, regular rate violations individually and on behalf of others similarly situated who worked as hourly-paid associates ("Hourly Associates") or as Assistant Department Managers or Department Managers ("FWW Associates").

The Court granted conditional certification as to the FWW Associates by Order entered May 3, 2013 [Doc. 112], and authorized issuance of Notice to all similarly situated FWW Associates on Plaintiff's claims. Notice was issued to the potential class, which provided that if a potential plaintiff wishes to join this collective action, they must file their written consent by

1

August 30, 2013. On May 7, 2013, the Court held a telephone conference with the parties at which time the parties and the Court discussed to what extent Defendant should provide email addresses and telephone numbers for putative plaintiffs whose notices were returned as undeliverable. On May 21, 2013, the Court ordered that upon being notified that notices to putative plaintiffs were returned as undeliverable, Defendant shall provide Plaintiff with the email addresses in its possession for these putative plaintiffs. (Order [Doc. 123]: "[Defendant] will provide email addresses of they have for any one that the plaintiff advises the mailing address is bad.") The Court reserved judgment on whether Defendant shall be required to provide Plaintiff with phone numbers for those same putative plaintiffs at that time, but allowed that if the mailing and emailing addresses proved insufficient, the parties can raise the issue with the Court: "Should the mailing and email addresses be insufficient then the parties can raise this issue with the Magistrate Judge at a later date." [Doc. 123]

By email sent to Defendant November 15, 2013 (attached hereto as Exhibit 1), Plaintiff requested that Defendant provide the email addresses and telephone numbers for the 747 undeliverables listed on the spreadsheet attached to the email. Despite this Court's Order [Doc. 123], and Defendant's representation to the Court that it would provide these email addresses [Doc. 123], Defendant refused to provide any email addresses or telephone numbers for the undeliverables, and notified the Court that it intends to oppose this motion notwithstanding the Court's previous Order. (*See* Order [Doc. 123]: "Defendant intends to oppose this motion.") Plaintiff raised this issue with Judge Brown during the last case management conference, and the Court allowed Plaintiff through February 10, 2014 within which to file a motion for order requiring Defendant to produce the email addresses and telephone numbers from its records for the undeliverables. Plaintiff timely files this motion within the deadline provided by the Court.

Due to the fact that approximately 754 notices have now been returned by the U.S. Postal Service as undeliverable, Plaintiff now respectfully requests an Order compelling Defendant to provide Plaintiff with a list of putative plaintiffs' email addresses and phone numbers, and allowing those undeliverables – who never received Notice of their rights to join this lawsuit – an extended thirty (30) day period within which to file their opt-in Consents upon remailing to their email addresses and/or updated mailing addresses obtained by calling their telephone numbers.

For the following reasons, such an Order is warranted.

## LAW AND ARGUMENT

*A. The Role of Courts in the FLSA Notice Process*

In *Hoffman-LaRoche, Inc, v. Sperling*, 493 U.S. 165, 170-71 (1989)[1], the United States Supreme Court recognized the necessity and importance of the district court's role in ensuring accurate and timely notice in collective action cases. In so doing, the Court noted:

> Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. See Fed.Rule Civ.Proc. 83. It follows that, once an [FLSA] action is filed, the court has a *171 managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

*Id*.

As part of this notice process, courts have the authority to compel discovery of contact information for putative plaintiffs. *See, e.g., Snodgrass v. Bob Evans Farms, LLC*, 2013 WL 6388558, at *5 (S.D. Ohio Dec. 5, 2013) (granting conditional certification and ordering defendant produce a list of putative plaintiffs' "names, addresses, *telephone numbers*, dates of employment, locations of employment, and work and personal *e-mail addresses*.") (emphasis

---

[1] Although *Hoffman-LaRoche* is an Age Discrimination in Employment Act (ADEA) case, the ADEA incorporates by reference § 16(b) of the FLSA governing collective actions.

added); *Brown v. Consol. Rest. Operations, Inc.*, 2013 WL 4804780, at *8 (M.D. Tenn. Sep. 6, 2013) (granting conditional certification and ordering defendants to produce the names, last known addresses, and *telephone numbers* of potential class members) (emphasis added); *Melgadejo v. S&D Fruits & Vegetables, Inc.*, 2013 WL 5951189, at *7 (S.D.N.Y. Nov. 7, 2013) (granting plaintiffs' motion to compel contact information for purposes of notice and noting that ordering such information be provided by defendant is commonplace).

In this case, Judge Campbell conditionally certified the class and approved the form of notice to be sent to all potential plaintiffs. In so doing, the Court ordered Defendant to provide Plaintiff with a list of all putative plaintiffs' last known mailing addresses. Because a great number of notices were returned as undeliverable – approximately one half of the entire number of plaintiffs who joined the case -- Defendant should provide the requested contact information to Plaintiff in order to ensure effective receipt of notice by all putative plaintiffs. Indeed, the Court has recognized its duty to continue its oversight of the notice process by agreeing that Defendant's production of the email addresses in its possession is now warranted, and allowing the parties to submit the issue of producing telephone numbers for all putative plaintiffs.

  *B. The Production of Telephone Numbers is Warranted.*

Where, as here, court-approved notice was mailed to putative plaintiffs but was returned as undeliverable, courts often exercise their broad authority to compel defendants to provide plaintiffs with, for example, the email addresses, phone numbers, and social security numbers of the putative plaintiffs for which the last known address was insufficient. *See, e.g., Gieseke v. First Horizon Home Loan Corp.*, 2007 WL 445202, at *3 (D. Kan. Feb. 7, 2007) (FLSA case ordering the production of social security numbers after notices were returned as undeliverable); *Rincon v. B.P. Sec. & Investigations, Inc.*, 2006 WL 3759872, at *3 (S.D. Tex. Dec. 19, 2006)

(ordering defendant to provide the dates of birth and social security numbers for any putative class member whose mailed notice was returned as undeliverable); *Rees v. Souza's Milk Transp., Co.*, 2006 WL 3251829, at *1-2 (E.D. Cal. Nov. 8, 2006) (following the return of notices as undeliverable, the court ordered defendant to produce putative plaintiffs' social security numbers and noted that providing such information is common in collective action cases, including FLSA actions).

In *Gieseke*, more than 800 notices sent to putative plaintiffs were returned as undeliverable. Plaintiffs argued that because the contact information that defendant originally produced was outdated, social security numbers were necessary to locate the putative plaintiffs and witnesses. The defendant countered that plaintiffs have no legal justification for such a request, but the court disagreed. Balancing privacy concerns, the court found that "[t]he fact that notices using the addresses provided by Defendant have been returned as undeliverable provides sufficient justification for Plaintiffs' present request that Defendant provide social security numbers for these putative class members." *Gieseke*, 2007 WL 445202, at *3.

While Plaintiff here does not seek production of putative plaintiffs' social security numbers, surely there is less concern with regard to privacy for the dissemination of telephone numbers. For instance, in *Jackson v. Papa John's USA, Inc.*, 2009 WL 1011105 (N.D. Ohio Apr. 15, 2009) the court denied plaintiff's motion to compel the production of social security numbers due to privacy concerns, but acknowledged that upon conditional certification the court had ordered Defendant to produce the last known phone numbers for the putative plaintiffs. *Id*. at *1. Similarly, after granting plaintiffs' motion for conditional certification, the court in *Lutz v. Huntington Bancshares, Inc.*, 2013 WL 1703361, at *6-7 (S.D. Ohio Apr. 19, 2013), denied plaintiffs' request for the production of social security numbers. The court found, however, that

5

providing social security numbers and phone numbers was not appropriate *at that time*. The court noted that plaintiffs could not yet show that addresses and email addresses were not likely to yield a response from putative plaintiffs. *Id*.

Here, during the May 7, 2013 telephone conference with the Court, Defendant admitted that it "does not collect personal email addresses" of all of its employees and that it has in its possession "less than a third" of the email addresses for the putative class. Thus, it appears unlikely that requiring Defendant to only produce email addresses for the putative plaintiffs whose notices were returned as undeliverable will increase the likelihood of effectuating notice on those potential plaintiffs. While Plaintiff still requests the email addresses and believes they will be helpful, that help is as limited as the number of email addresses for putative class members that Defendant claims it in its possession. With such inadequate numbers, the remedial purposes of the FLSA during the notice phase, which is to provide notice to all potential plaintiffs of their right to join a lawsuit brought pursuant to Section 216(b), would indeed be frustrated. Therefore, Plaintiff submits that compelling Defendant to produce telephone numbers in addition to email addresses is necessary.

Finally, because the undeliverables never received the court-approved Notice of their rights to join this lawsuit, Plaintiff requests that they be allowed a limited thirty (30) day period within which to file their Consents upon re-mailing to email or corrected mailing addresses. The parties previously agreed to an extended opt-in period after re-mailing for those individuals for whom Defendant originally failed to provide a second line of information in the Court-ordered class list, resulting in even more notices returned as undeliverable by the U.S. Postal Service. There is no justification for denying the same relief to these undeliverables.

## CONCLUSION

This Court has a duty to oversee the accurate dissemination of notice in FLSA cases, and to effectuate that goal, Plaintiff must be have access to information that will enable her to notify all potential plaintiffs in the case of their right to join this lawsuit. Accordingly, Plaintiff respectfully requests that this Court order Defendant to provide the email addresses and telephone numbers for all putative plaintiffs whose notices were returned as undeliverable.

Respectfully submitted this 10th day of February, 2013.

/s/ C. Andrew Head
Georgia Bar No. 341472
**FRIED & BONDER, LLC**
White Provision, Suite 305
1170 Howell Mill Road, N.W.
Atlanta, Georgia 30318
Telephone: (404) 995-8808
Facsimile: (404) 995-8899
Email: ahead@friedbonder.com

David Hughes
Alabama Bar No. 3923-U82D
**HARDIN & HUGHES, LLP**
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
Email: dhughes@hugheshardin.com

Charles Yezbak, III
Tennessee Bar No. 018965
**YEZBAK LAW OFFICES**
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
Telephone: (615) 250-2000
Facsimile: (615) 240-2020
Email: yezbak@yezbaklaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed a true and correct copy of the foregoing using the CM/ECF filing system, which will send a notice of electronic filing to the following attorneys of record for Defendant:

    Wendy V. Miller
    Tennessee Bar No. 023500
    Attorney for Defendant
    **OGLETREE, DEAKINS, NASH, SMOAK**
    **& STEWART, P.C.**
    401 Commerce Street, Suite 1200
    Nashville, Tennessee 37219
    Telephone: (615) 254-1900
    Facsimile: (615) 254-1908
    Email: wendy.miller@ogletreedeakins.com

    Michael J. Gray
    Illinois Bar No. 06210880
    Attorney for Defendant
    **JONES DAY**
    77 West Wacker
    Chicago, Illinois 60601
    Telephone: (312) 782-3939
    Facsimile: (312) 782-8585
    Email: mjgray@jonesday.com

    Craig S. Friedman
    Georgia Bar No. 335145
    Attorney for Defendant
    **JONES DAY**
    1420 Peachtree Street, N.E., Suite 800
    Atlanta, Georgia 30309
    Telephone: (404) 581-3939
    Facsimile: (404) 581-8330
    Email: csfriedman@jonesday.com

    Edmund J. McKenna
    Florida Bar No. 0845922
    Attorney for Defendant
    **OGLETREE, DEAKINS, NASH, SMOAK**
    **& STEWART, P.C.**
    100 North Tampa Street, Suite 3600
    Tampa, Florida 33602

Telephone: (813) 289-1247
Facsimile: (813) 289-6530
Email: edmund.mckenna@ogletreedeakins.com


        */s/ C. Andrew Head*