IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMANDA L. OTT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | **Civil Action No. 3:12-cv-00486**<br><br>**District Judge Todd J. Campbell**<br><br>**Magistrate Judge Joe Brown**<br><br>**JURY DEMAND** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF EMAIL ADDRESSES AND PHONE NUMBERS**

At the initial hearing on this issue, Defendant agreed to produce email addresses for any undeliverables, and the Court ordered that Defendant will provide email addresses for any undeliverables upon request. [Dkt. 123] But when Plaintiff asked Defendant to provide the email addresses for undeliverables, Defendant refused, violating the Court's Order and thereby necessitating this motion to compel production of email addresses. Defendant offers no justification for its violation of the Court's Order requiring production of email addresses upon request for undeliverables. Had Defendant simply complied with the Court's Order, the process of determining correct addresses, re-mailing, and allowing the 30-day response period requested herein would have been completed by now.

The Court also specifically allowed Plaintiff to raise the issue of telephone numbers for undeliverables at a later time in this case. Plaintiff asked Defendant to provide telephone numbers for undeliverables, and Defendant refused, necessitating this motion to compel production of telephone numbers for undeliverables for the purpose of obtaining valid updated addresses for notice.

1

.

Plaintiff respectfully requests that this Court grant her Motion to Compel Production of Email Addresses and Phone Numbers, responding to Defendant's opposition as follows:

**I. Plaintiff has Demonstrated the Need for a 30-Day Extension for Putative Plaintiffs Whose Notice Was Returned as Undeliverable to File Opt-In Consents.**

In accordance with Judge Brown's Order setting the briefing schedule for this issue, Plaintiff timely filed her Motion to Compel seeking the production of email addresses and phone numbers of only those putative plaintiffs whose original notices were returned by the U.S. Postal Service as undeliverable. [Doc. 123 at 1-2] Defendant's insistence that Plaintiff's request be denied because "defendants have already provided names and addresses," *Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d, 433 436 (E.D. Va. 2002); [Doc. 201 at 5], fails to take into account the large number of notices returned as undeliverable using the addresses that Defendant itself provided, as well as the Court's Order indicating that should notices be returned as undeliverable, Defendant will provide email addresses for those individuals. In fact, Defendant's reliance on *Bernard* is inapposite in this context because *Bernard* did not involve the issue of undeliverable notices, but merely addressed the plaintiffs' failure to effectuate notice within the designated opt-in period. Thus, to argue that because Defendant provided *some* information at the outset, it does not now have a duty to provide *accurate* information to enable the Court and the Parties to comply with the mandates and goals of the FLSA, is blatantly wrong and surely conflicts with the purposes of the FLSA and the role of the courts, which is to take advantage of the benefits of proceeding efficiently in one proceeding and ensure the proper joinder of parties. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170-171. The purpose of a Court-authorized notice procedure is to get the notice to the intended recipients.

Attached hereto as Exhibit A, Plaintiff offers rebuttal evidence showing that the U.S. Postal Service returned notices as undeliverable after the expiration of the opt-in response period. For example, the attached document indicates that notice was mailed to putative plaintiff Patrick Garnett on July 1, 2013, within the original notice period, and returned as undeliverable on February 21, 2014, more than five months after the close of the August 30, 2013 deadline for putative plaintiffs to file an opt-in consent. Other examples include notices mailed July 1, 2013 and returned in September, November, and February.

**II      Plaintiff's Request for the Production of Email Addresses and Phone Numbers is Warranted.**

Defendant has refused to comply with the Court's May 21, 2013 Order that Defendant "will provide email addresses of they have for any one that the plaintiff advises the mailing address is bad." [Doc. 123 at 2] Thus, the issue of email addresses has already been decided by this Court, and Defendant should be compelled to comply with the Court's Order to provide Plaintiff with the email addresses for all putative plaintiffs whose notice was returned as undeliverable.

While Plaintiff is mindful of the Court's concerns as they pertain to the production of telephone numbers, with over 700 (and counting) notices returned as undeliverable, Defendant's refusal to provide email addresses and telephone numbers for those individuals is not warranted. The Court did not order that the approved notice be posted at the company workplace or included in paychecks, and Plaintiff here does not seek the production of private information such as Social Security Numbers. Instead, Plaintiff merely seeks the email addresses and telephone numbers in Defendant's possession for the undeliverables.

Moreover, Defendant suggests that because the cases cited by Plaintiff where the courts permitted the disclosure of email addresses and phone numbers did not explicitly state that the

3

defendants opposed their production or do not "address the risks of distributing notice via email," [Doc. 201 at 11], that this Court must not compel their production. The fact that a defendant did not oppose production of email addresses and phone numbers or that the court did not address the "risks" of sending notice by email does not mean that production in this case is improper; in fact, the lack of opposition by those defendants or discussion by the courts could very well indicate, as Plaintiff argues, that courts often order production of email addresses and phone numbers as a matter of course.

Plaintiff could refute each of the additional arguments raised by Defendant, such as pointing out that the high proportion of undeliverables arising from notice recipients with second line address information (i.e., Apt. #) is likely due to the fact that apartment renters move with greater frequency than house owners. But to do so would be to engage in distracting the Court from the sole issue in this motion: Defendant should produce the email address and telephone number information in its possession to allow Plaintiff to get Court-ordered notice to the intended notice recipients.

## CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court grant her Motion to Compel the Production of Email Addresses and Phone Numbers for all putative plaintiffs whose notices were returned as undeliverable, and authorize a thirty-day response period for these undeliverables.

Respectfully submitted this 6th day of March, 2014.

/s/ C. Andrew Head
C. Andrew Head
Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 1397779

**FRIED & BONDER, LLC**
White Provision, Suite 305
1170 Howell Mill Road, N.W.
Atlanta, Georgia 30318
Telephone: (404) 995-8808
Facsimile: (404) 995-8899
Email: ahead@friedbonder.com
      jgardner@friedbonder.com

David Hughes
Alabama Bar No. 3923-U82D
**HARDIN & HUGHES, LLP**
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
Email: dhughes@hugheshardin.com

Charles Yezbak, III
Tennessee Bar No. 018965
**YEZBAK LAW OFFICES**
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
Telephone: (615) 250-2000
Facsimile: (615) 240-2020
Email: yezbak@yezbaklaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed a true and correct copy of the foregoing using the CM/ECF filing system, which will send a notice of electronic filing to the following attorneys of record for Defendant:

>Wendy V. Miller
>Tennessee Bar No. 023500
>Attorney for Defendant
>**OGLETREE, DEAKINS, NASH, SMOAK**
>**& STEWART, P.C.**
>401 Commerce Street, Suite 1200
>Nashville, Tennessee 37219
>Telephone: (615) 254-1900
>Facsimile: (615) 254-1908
>Email: wendy.miller@ogletreedeakins.com
>
>Michael J. Gray
>Illinois Bar No. 06210880
>Attorney for Defendant
>**JONES DAY**
>77 West Wacker
>Chicago, Illinois 60601
>Telephone: (312) 782-3939
>Facsimile: (312) 782-8585
>Email: mjgray@jonesday.com
>
>Craig S. Friedman
>Georgia Bar No. 335145
>Attorney for Defendant
>**JONES DAY**
>1420 Peachtree Street, N.E., Suite 800
>Atlanta, Georgia 30309
>Telephone: (404) 581-3939
>Facsimile: (404) 581-8330
>Email: csfriedman@jonesday.com
>
>Edmund J. McKenna
>Florida Bar No. 0845922
>Attorney for Defendant
>**OGLETREE, DEAKINS, NASH, SMOAK**
>**& STEWART, P.C.**
>100 North Tampa Street, Suite 3600
>Tampa, Florida 33602

Telephone: (813) 289-1247
Facsimile: (813) 289-6530
Email: edmund.mckenna@ogletreedeakins.com


                                  */s/ C. Andrew Head*