IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMANDA L. OTT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | No: 3:12-00486<br>Judge Campbell/Brown |

## ORDER

Pending before the Court is the plaintiff's motion to compel production of electronic mail (email) addresses and telephone numbers for potential class members in a collective action pursuant to 29 U.S.C. § 216(b) whose notices were returned as undeliverable (DE 194). The defendant has filed a response in opposition to the plaintiff's motion (DE 201) and a declaration of defendant's counsel, also in opposition to the plaintiff's motion (DE 202). The plaintiff has filed a reply in support of their motion (DE 214). For the reasons explained herein, the plaintiff's motion will be **GRANTED** in part and **DENIED** in part. The use of telephone numbers will be limited.

### I.     Background

On May 15, 2012, the plaintiff filed her initial complaint on her behalf and on behalf of those similarly situated, against the defendant, "to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees," pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 et. seq. (Docket Entry (DE) 1, p. 1). The plaintiff consented to joining the collective action as a representative plaintiff pursuant to 29 U.S.C. § 216(b) (DE 1-1).

On March 04, 2013, the plaintiff filed a motion requesting, inter-alia, that the Court order the defendant "to provide names and last known contact information" of potential class members (DE 50, pp. 2; 21). As "last known contact information," the plaintiff requested the: (1) last known mailing address; (2) email address; and (3) telephone number for each potential class member (DE 50, pp. 2; 21).

On May 03, 2013, Judge Campbell ordered the defendant to "provide the names and last know[n] *mailing address* of the class described" and referred the case to me to "consider the [p]laintiff's request for *email address[es] and telephone numbers* for class members...." (DE 112, pp. 1-2) (emphasis added).

On May 21, 2013, I ordered the defendant to provide *email addresses* for their employees if the plaintiff informed them that an employee's *mailing address* was insufficient because a "Notice of Rights to Join Publix Overtime Lawsuit" (the Notice of Rights) was returned as undeliverable. (DE 123, p. 2; DE 194, p. 2). That order acknowledged that the defendant "estimated that they would have email addresses for less than one-third of their employees" and ordered the defendant to provide the email addresses that they did have (DE 123, p. 2). The order declined to order the defendant to provide *telephone numbers* (DE 123, p. 2). It provided that "[s]hould the *mailing and email addresses* be insufficient, then the parties can raise this issue with the Magistrate Judge at a later date [but that] [t]elephone calls raise issues of what was said during the call to a much greater degree than mailing or email." (DE 123, p. 2) (emphasis added).

On June 04, 2013, Judge Campbell referred the case to me "to set discovery deadlines and other deadlines specifically related to summary judgment, as well as for other customized case management." (DE 124, p. 1).

On June 06, 2013, Judge Campbell approved the Notice of Rights (DE 126, p. 1). On July 02, 2013, the plaintiffs mailed the Notice of Rights to potential class members at their U.S. postal addresses. The Notice of Rights informed the potential class members that the opt-in deadline was August 30, 2013 (DE 165, p. 2).[1] On July 10, 2013, the plaintiff informed the defendant that she had received approximately 1,879 notices returned as "undeliverable" because second line information such as an apartment number was missing from the initial list of addresses that the defendant provided (DE 165, n. 2; DE 202, p. 1). On July 11, 2013, the defendant provided the plaintiff with a corrected list, including the second line information (DE 165, n. 2; DE 202, p. 1). The parties agreed to an extended opt-in deadline for those 1,879 affected individuals who would receive a re-mailing of the Notice of Rights (DE 165, n. 2; DE 202, p. 1). The record is unclear as to the agreed upon opt-in deadline. The plaintiff asserts that the deadline was October 25, 2013 (DE 165, n. 2) while the defendant asserts that the deadline was September 30, 2013 (DE 201, p. 3; DE 202, p. 1). The plaintiff also filed a motion for leave to file late consents that were received after the August 30, 2013 deadline but were not part of the re-mailing group of 1,879 individuals (DE 165, pp. 1-2; n. 2). The defendant filed a response in opposition (DE 171). On November 14, 2013, Judge Campbell granted the plaintiff's motion (DE 172).

On January 22, 2014, during a case management telephone conference call with me, the plaintiff asserted that she anticipated filing a motion to request an order requiring that the defendant provide "telephone and email contact information, and an extended opt-in consent period, for all [Notices of Rights] returned as undeliverable by the U.S. Postal Service." (DE

---

1 The Court takes notice of the defendant's assertion that the Notice of Rights was mailed on July 01, 2013 instead of July 02, 2013 (DE 171, p. 2; DE 201, p. 3). There appears to be no contention about this mailing date, however, and no inconsistency regarding the opt-in deadline of August 30, 2013.

181, p. 4). The defendant asserted that they intended to oppose the motion (DE 181, p. 4). I ordered the plaintiff to file any such motion by February 10, 2014 (DE 181, p. 4).

On February 10, 2014, the plaintiff timely filed a motion to compel production of email addresses and telephone numbers for those potential class members whose Notices of Rights were returned as undeliverable (DE 194). The plaintiff asserts that on November 15, 2013, she provided the defendant with a spreadsheet of 747 potential class members "whose letters were returned…by the U.S. Postal Service as undeliverable, and requesting [d]efendant's production of their last known telephone numbers and email addresses." (DE 194-1). As of the date of filing the motion, the plaintiff asserts that the number of potential class members for whom the plaintiff requested contact information and an extended opt-in consent period was 754 (DE 194, p. 3). On February 19, 2014, the defendant filed an opposition to the plaintiff's motion (DE 194). Therein, the defendant asserted that: (1) the November 15, 2013 email from the plaintiff included 746 potential class members instead of 747 and that the plaintiff never provided the defendant with the names of the additional class members constituting the eight or nine additional members, (2) the plaintiff's motion to compel production of email addresses and telephone numbers for undeliverable Notices of Rights should be denied, and (3) the plaintiff's motion to extend the opt-in period should be denied.

To summarize, there are several groups of potential class members who were sent the Notice of Rights, as follows: (1) the initial group, sent mailings on July 2, 2013, with an opt-in deadline of August 30, 2013; (2) the group of 1,879 individuals, sent re-mailings after July 11, 2013, with an opt-in deadline of either September 30, 2013 or October 30, 2013; (3) the group of individuals from the initial group, separate from the 1,879 individuals, who submitted their

consents after the August 30, 2013 opt-in deadline but whose consents were nonetheless approved for filing; and (4) the 754 individuals, some sub-set of the initial group or the re-mailing group, whose last known telephone numbers and email addresses the plaintiff now requests. The contact information for this final group of potential class members is at issue here.

## II. Summary of the Issues

The plaintiff wants the Court to order that the defendant: (1) provide the plaintiff with the ***email addresses and telephone numbers*** of the 754 potential class members whose Notices of Rights were returned as undeliverable, and (2) extend the opt-in consent period 30 days for these individuals (DE 194, p. 3).

Under 29 U.S.C. § 216(b), there are two requirements for a collective action.[2] "[T]he plaintiffs must actually be 'similarly situated,' and…all plaintiffs must signal in writing their affirmative consent to participate in the action."[3] This means that "[s]imilarly situated persons are permitted to 'opt into' the suit…distinguished from the opt-out approach utilized in class actions under Fed.R.Civ.P. 23.[4] "Under the FLSA…[t]he sole consequence of conditional certification is the sending of [C]ourt-approved written notice to employees..., who in turn become parties to a collective action only by filing written consent with the [C]ourt…."[5]

Individuals must know of a collective action in order to elect whether to "opt into" the action; a point which has raised the issue of whether "[D]istrict [C]ourts may play any role in

---

2 Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1527 (2013) (*citing* Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169–170 (1989)) ("A suit brought on behalf of other employees is known as a 'collective action.'")); *See also* Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006) (*citing* 29 U.S.C. § 216(b); Hoffmann–La Roche, Inc., 493 U.S. at 167–68).

3 Comer, 454 F.3d at 546.

4 *Id.*

5 Genesis Healthcare Corp., 133 S. Ct. at 1530 (*citing* Hoffmann–La Roche, Inc., 493 U.S. at 171-72).

prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought."[6] Regarding this issue, the Supreme Court has held that a District Court has "discretion, in appropriate cases, to implement 29 U.S.C. § 216(b)…by facilitating notice to potential plaintiffs."[7]

On May 03, 2013, the Court granted the plaintiff's motion (DE 50) for conditional certification and issuance of the Notice of Rights (DE 112). As explained above,[8] there was an initial mailing, and a re-mailing of the Court approved Notice of Rights. The issue herein is not whether this is an appropriate case for the issuance of notice. The Court has recognized that it is at least twice. The issue, instead, is whether the Court should facilitate notice to potential plaintiffs by approving notice via email or telephone. In other words, although a District Court has the discretion to facilitate notice, the issue remains as to whether the Court shall or even ought to approve notice by email or telephone.

### III. Analysis

#### A. Email Addresses and Telephone Numbers

29 U.S.C. § 216(b) does not indicate the form of notice that the representative plaintiff may use to reach other potential class members. Further, the Supreme Court has "confirm[ed] the existence of the trial court's discretion, not the details of its exercise."[9]

---

6 Hoffmann–La Roche, Inc., 493 U.S. at 169 (An Age Discrimination in Employment (ADEA) case, in which the Court explained that 29 U.S.C. § 626(b), pertaining to the ADEA, incorporates 29 U.S.C. § 216(b), pertaining to, inter-alia, the right to bring an action or become a party to a collective action.).

7 Hoffmann–La Roche, Inc., 493 U.S. at 169.

8 *See Supra* Part. I.

9 Hoffmann–La Roche, Inc., 493 U.S. at 170.

The details of this Court's discretion, therefore, turn on case law and concerns addressed therein regarding: (1) whether the plaintiff argues that the U.S. mail is inadequate; (2) whether communication to potential class members will be controlled or could be distorted; (3) whether communication will be disruptive; and (4) whether communication will be intrusive upon privacy. Ultimately, in order for the Court to order a defendant to produce the email addresses or telephone numbers of their employees, these concerns must be considered.

Precedent on this issue is limited in the Middle District of Tennessee and, generally, in the Sixth Circuit. In *Ware v. T-Mobile USA*, the plaintiffs sought an order requiring that the defendant "provide the names, mailing addresses, and any known email addresses"[10] of potential class members. This Court ordered "the defendant to provide the plaintiffs with the names and last known addresses"[11] of the potential class members but did not indicate whether "addresses" included email addresses.[12] In *Miller v. Jackson,* the Court granted "the plaintiff's request for discovery into the names, addresses, and telephone numbers of the potential plaintiffs,"[13] but noted that the defendant might still object.[14] In *Motley v. W.M. Barr & Co., Inc.,* the Court likewise granted the plaintiff's request for telephone numbers,[15] citing the Court in *Miller* and

---

10 Ware v. T-Mobile USA, 828 F. Supp. 2d 948, 950 (M.D. Tenn. 2011).

11 *Id.* at 956.

12 *Id.*

13 Miller v. Jackson, 3:10-1078, 2011 WL 1060737, at *8 (M.D. Tenn. Mar. 21, 2011).

14 *Id.*

15 Motley v. W.M. Barr & Co., Inc., 12-CV-2447 JDB/TMP, 2013 WL 1966444, at *9 (W.D. Tenn. Mar. 7, 2013) report and recommendation adopted in part, rejected in part, 1:12-CV-02447-JDB, 2013 WL 1966442 (W.D. Tenn. May 10, 2013).

the Court in *Dallas v. Alcatel-Lucent USA, Inc.,* which found that "[t]his type of discovery request is routinely granted in collective actions."[16]

According to a culling of case law from this and other Courts, a plaintiff who files a motion to compel production of email addresses or telephone numbers must: (1) provide a rationale for the use of email or telephone numbers in addition to, not as a substitute for, U.S. mail and provide an explanation as to why use of the U.S. mail is inadequate; (2) distribute a pdf file version of the same Court approved Notice of Rights that was sent by U.S. mail; (3) avoid using defendant provided email addresses such as employment email addresses; and (4) avoid unnecessary intrusions into the privacy of potential class members.

In *Fasanelli v. Heartland Brewery, Inc.*, the plaintiff requested the "names, last known mailing addresses, alternate addresses, telephone numbers, Social Security numbers, work locations and dates of employment" for all potential class members.[17] The defendant objected, "noting privacy concerns."[18] The Court declined to order the defendant to produce everything for which the plaintiff asked because the plaintiff did not provide a "rationale to explain why he require[d] such extensive production of information."[19] The Court declined to order the defendant to produce telephone numbers but did order the defendant to produce the "names, current or last known addresses…, as well as known email addresses."[20] In *Hart v. U.S. Bank*

---

16 Dallas v. Alcatel-Lucent USA, Inc., 09-14596, 2012 WL 424878, at *8 (E.D. Mich. Feb. 9, 2012); *See also* Parr v. Hico Concrete, Inc., 3:10-1091, 2011 WL 5512239, at *2 (M.D. Tenn. Nov. 10, 2011).

17 Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007).

18 *Id.*

19 *Id.*

20 *Id.*

*NA*, the Court declined to grant the plaintiff's request to send notice via email because the Court was not satisfied that notice via U.S. mail was inadequate.[21]

The Court in *Hart* also found, without elaborating, "that it would be disruptive to send notice to potential opt-in plaintiffs via their [d]efendant provided work email address and that utilizing personal email addresses would unduly invade the privacy of the potential plaintiffs."[22] The Court in *Vargas v. Gen Nutrition Centers, Inc.* also declined to order notice by email because the plaintiffs had "not offered any persuasive justification that notification by first-class mail would be inadequate…."[23]

In *Reab v. Elec. Arts, Inc*. the Court declined to order the defendant to produce email addresses, explaining that "electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court."[24]

In *Karvaly v. eBay, Inc.* the Court noted, first, "that there are remarkably few cases addressing this issue,"[25] and then, similarly to the Court in *Reab*, that "the Court [was] not persuaded that notice to [potential class members] by [email], though clearly more convenient and less expensive for the parties, is an adequate substitute for the traditional method of notifying prospective class members by first-class mail"[26] and that "notification by electronic mail creates

---

21 Hart v. U.S. Bank NA, CV 12-2471-PHX-JAT, 2013 WL 5965637, at *6 (D. Ariz. Nov. 8, 2013).
22 *Id.*
23 Vargas v. Gen. Nutrition Centers, Inc., 2:10-CV-867, 2012 WL 5336166, at *13 (W.D. Pa. Oct. 26, 2012).
24 Reab v. Elec. Arts, Inc., 214 F.R.D. 623, 630 (D. Colo. 2002).
25 Karvaly v. eBay, Inc., 245 F.R.D. 71, 91 (E.D.N.Y. 2007).
26 *Id.*

risks of distortion or misleading notification that are substantially reduced when first-class mail is used."[27]

However, the Court in the class action case of *Krzesniak v. Cendant Corp.* was critical of the concern in *Reab*, writing that "although the [C]ourt in *Reab* noted that messages in electronic format could…easily be forwarded to nonclass members and posted to internet sites…, the same can be said of messages sent by first class mail, which can easily be scanned and posted to websites."[28] Likewise, the Court in *Lewis v. Huntington Nat. Bank* assuaged a concern of the *Reab* Court by providing that "[i]f the Notice were attached to the email as a pdf file rather than typed into the body of the email, the risk that the Notice will be 'copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court,' would be mitigated."[29]

"Courts considering whether to compel the defendants in an FLSA collective action to allow plaintiffs' counsel to provide notice by [telephone] have differed in their approaches. Many have…[required] the defendants to provide telephone numbers along with the names and addresses of putative plaintiffs at the time of conditional certification."[30] However, other Courts have declined to order the defendants to provide telephone numbers, "citing the risk of 'improper solicitation' by the plaintiffs' counsel…, and the 'needless intrusion into the privacy of these

---

27 *Id.*

28 Krzesniak v. Cendant Corp., C 05-05156 MEJ, 2007 WL 4468678, at *2 (N.D. Cal. Dec. 17, 2007).

29 Lewis v. Huntington Nat. Bank, C2-11-CV-0058, 2011 WL 8960489, at *2 (S.D. Ohio June 20, 2011) (*citing* Reab, 214 F.R.D. at 630).

30 Arevalo v. D.J.'s Underground, Inc., CIV.A DKC-09-3199, 2010 WL 4026112, at*2 (D. Md. Oct. 13, 2010) (*citing* Thompson v. World Alliance Financial Corp., Civ. No. 08–4951, 2010 WL 3394188, at *8 (E.D.N.Y. Aug. 20, 2010); Sala v. St. Petersburg Kennel Club, Inc., No. 09–cv–1304–T–17–TBM, 2010 WL 746703, at *3 (M.D.Fla. Mar.2, 2010)); *See also* Miller, 2011 WL 1060737, at *8.

individuals and their families.'"[31] In *Arevalo v. D.J.'s Underground, Inc.,* the Court noted that where "plaintiffs contend that the initial notice by mailing has failed to reach its target, courts have generally required a showing of 'special need for disclosure of class members' telephone numbers to facilitate providing them with notice of the suit.'"[32] In *Arevalo,* the Court ultimately declined to order the defendants to provide telephone numbers because the plaintiffs failed to establish a justification for them.[33] In *Fengler v. Crouse Health Found, Inc.,* the Court explained succinctly that "email addresses, telephone numbers, social security numbers, and dates of birth"[34] are "inherently private information."[35]

In *Kuznyetsoy v. W. Penn Allegheny Health Sys., Inc.,* the Court found that telephone numbers must be "provided for the sole purpose of running 'reverse directory checks for putative members with outdated addresses and not to make calls to prospective class members.'"[36] The Court in *Bishop v. AT & T Corp.* noted the defendant's objection to production of telephone numbers and the implication of "the Rules of Professional Responsibility edict against direct solicitation of clients."[37] The Court in *Bishop* issued "a protective order limiting the use of home telephone numbers as an address verification device…."[38]

---

31 Arevalo, 2010 WL 4026112, at * 2 (*citing* Parks v. Eastwood Ins. Services, Inc., No. SA CV 02–507 GLT (MLGx), 2002 WL 34370244, at *5 (C.D.Cal. July 29, 2002); Stickle v. SCI Western Market Support Center, L.P., No. 08–083–PHX–MHM, 2009 WL 3241790, at *7 (D.Ariz. Sept.30, 2009)).

32 Arevalo, 2010 WL 4026112, at * 2 (*citing* Encinas v. J.J. Drywall Corp., 265 F.R.D. 3, at *11 (D.D.C.2010)).

33 Arevalo, 2010 WL 4026112, at * 2.

34 Fengler v. Crouse Health Found., Inc., 595 F. Supp. 2d 189, 198 (N.D.N.Y. 2009).

35 *Id.*

36 Kuznyetsov v. W. Penn Allegheny Health Sys., Inc., CIV. A. 09-CV-379, 2009 WL 1515175, at *6 (W.D. Pa. June 1, 2009) (*citing* Bishop v. AT & T Corp., 256 F.R.D. 503, 509 (W.D. Pa. 2009)).

37 Bishop, 256 F.R.D. at 509.

38 *Id.*

Here, the plaintiff has provided that the U.S. mailing addresses were insufficient because 754 Notices of Rights were returned as undeliverable after not one, but two mailings through the U.S. mail (DE 165, n. 2; DE 194, p. 3; DE 214). The use of email addresses would be in addition to these mailings, not a substitute for these mailings. Therefore, the Magistrate Judge is persuaded that the plaintiff has provided the requisite rationale for receipt of email addresses.

The Magistrate Judge orders that the email communication consist of the same Court approved Notice of Rights, previously sent by U.S. mail, to be emailed in the form of a pdf, without wording in the body of the email beyond a direction to view the pdf file for information on the collective action, and with a conspicuous subject line to identify the nature of the email.

There is nothing in the record to indicate that the email addresses that the defendant shall provide are employment based email addresses, which carry the risk of causing disruption at the workplace if a Notice of Rights is sent to such email.

Finally, the Magistrate Judge is unconvinced that a discovery request for private telephone numbers "is routinely granted in collective actions."[39] The Magistrate Judge is likewise unconvinced that the cases granting such requests are on all fours with the scope of the defendant's objections herein, or that those cases have addressed the privacy concerns and attorney-client communication concerns implicit in a Court ordered release of telephone numbers for use by attorneys. The provision of telephone numbers carries greater privacy implications than the provision of email addresses. In the latter, the form of the Notice of Rights is a pdf version of the mailing, whereas in the former, the Court would have no assurance of the content of telephone communication. However, the Court is not unsympathetic to the plaintiff's

---

39 Dallas, 2012 WL 424878, at *8.

argument that the two mailings were inadequate given the 754 undeliverable notices that have purportedly trickled back to the plaintiff, and the likely unfruitful provision of email addresses, given that the defendant does not routinely collect email addresses for its employees. Therefore, the defendant shall produce last known telephone numbers of potential class members for the plaintiff's limited purpose of performing phone directory searches to obtain current mailing addresses.

Of course nothing in this Order will preclude a potential class member who, for whatever reason, fails to receive notice, from proceeding with their own lawsuit.[40]

### B. Extended Opt-in Deadline

Under Fed. R. Civ. P. 16(b)(4), the Court's "schedule may be modified only for good cause and with the judge's consent."[41] "In determining whether good cause exists, courts consider 'the diligence of the party seeking the extension' and 'whether the opposing party will suffer prejudice by virtue of the amendment.'"[42] Further, "[a] decision to change (or refuse to change) a scheduling order is a matter of discretion."[43]

Here, the plaintiff is seeking the extension of 30 days to allow potential class members who receive a Notice of Rights to opt-into the collective action. The Magistrate Judge finds that the plaintiff was diligent in timely filing the instant motion (DE 194) and in filing the reply (DE

---

40 29 U.S.C. § 216(b); (DE 125-1).

41 Fed. R. Civ. P. 16(b)(4).

42 Thompson v. Bruister & Associates, Inc., 3:07-00412, 2013 WL 1092218, at * 4 (M.D. Tenn. Mar. 15, 2013) (*citing* Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir.2003)).

43 Thompson, 2013 WL 1092218, at * 4 (*citing* Bentkowski v. Scene Magazine, 637 F.3d 689, 696 (6th Cir.2011); Commerce Benefits Group, Inc. v. McKesson Corp., 326 Fed. Appx. 369, 377 (6th Cir.2009)).

214) to the defendant's response in opposition (DE 201). The Magistrate Judge recognizes that this extension could cause the defendant to suffer some prejudice because of timing constraints. However, the Magistrate Judge will amend the January 22, 2014 case management order setting a post-notice discovery deadline of June 30, 2014 (DE 181, p. 6). The new deadline is July 30, 2014 which will coincide with the July 30, 2014 deadline for post-notice motions (DE 181, p. 6).

### IV.     Conclusion

For the reasons explained herein, the plaintiff's motion to compel the defendant to produce email addresses for the 754 identified individuals is GRANTED. The plaintiff's motion to compel the defendant to produce the telephone numbers for the 754 individuals is GRANTED IN PART. The plaintiff's use of the telephone numbers is limited to conducting telephone directory searches for better mailing or email addresses. The Plaintiff shall submit a copy of the proposed email notice to the defendants 5 days before sending it out. If the defendant has any objection to such notice the defendant will confer with plaintiff's counsel and if they are unable to work out the objections they will notify the court within 4 days of receipt of the proposed notice with their remaining specific objections.

The parties are cautioned that this is a 2012 case and at some point we have to go with what we have.

IT IS SO ORDERED.

**ENTERED** this 7th day of April, 2014.

    /s/ Joe B. Brown_____
Joe B. Brown
U.S. Magistrate Judge