IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMANDA L. OTT, *et al*, individually and on behalf of all others similarly situated, ) ) ) | Civil Action No. 3:12-cv-00486 |
| Plaintiff, ) | District Judge Todd J. Campbell |
| v. ) | Magistrate Judge Joe Brown |
| PUBLIX SUPER MARKETS, INC., ) | JURY DEMAND |
| Defendant. ) | |

## **ORDER**

This case is before the Court for consideration of the parties' Joint Motion for Order Approving Settlement and to Re-open the Opt-In Period for Limited Purpose of Settlement, which contains Plaintiffs' unopposed request to approve an award of attorney's fees and costs. After reviewing the record and the joint submission of the parties, the Court enters the following Order.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Gentrup v. Renovo Servs., LLC*, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) ("The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness.") (citing *Lynn's Food*, 679 F.2d 1352-53).

Having reviewed the Settlement Agreement (the "Agreement") executed by the parties, the Court finds that the settlement is fair, adequate, and reasonable. The Court finds that the Agreement was negotiated at arm's length by represented parties and is not the result of any collusion. The Court has also reviewed the unopposed request for approval of attorney's fees and costs in the amount stated in the Agreement and finds that the amount of attorneys' fees and costs to be paid to Plaintiffs' counsel by Defendant as provided in the Agreement are reasonable.

The Court has reviewed the parties' joint motion for leave to issue notice to, and re-open the opt-in period in this case for, the individuals identified in the Agreement as "Group 2" who either did not previously receive notice of this case or did not file Consents to join this case, and finds that it is reasonable to do so under the terms of the Agreement.

Therefore, the parties' Joint Motion for Order Approving Settlement and to Re-Open the Opt-In Period for Limited Purpose of Settlement is hereby **GRANTED**, the settlement of the parties and requested award of attorneys' fees and costs is hereby **APPROVED**, the terms of settlement in the Agreement are hereby incorporated into this Order, and the opt-in period in this case is hereby re-opened for the limited purpose of allowing those Group 2 members who accepted their settlement offers to have their acceptance filed as a consent to opt-in to this case under Section 216(b).

Defendant shall tender to Plaintiffs all payments consistent with the terms of the Settlement Agreement, and the parties shall after the conclusion of the 140 day post-offer reporting period file a stipulation of dismissal with prejudice of the claims raised in this action by the Plaintiffs who filed Consents to join this case. The clerk is hereby directed to administratively close this case, subject to reopening for the purpose of settlement enforcement

actions pursuant to the terms of the Settlement Agreement. Fees and costs shall be paid to Plaintiffs' Counsel as set forth in the Settlement Agreement.

Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement and/or Judgment between the parties.

**SO ORDERED** this ___ day of February, 2015.

_____
The Honorable Todd J. Campbell
Judge, United States District Court